## 67030. ABNEY v. THE STATE.

POPE, Judge.

On January 4, 1982 appellant entered a plea of guilty to four counts of forgery. He was sentenced to six years on each count to run concurrently, but to be served on probation. Additionally, he was fined $350 and ordered to pay restitution in the amount of $68.84. Prior to the proceedings which are the subject of the present appeal, appellant had been found guilty of a violation of the terms of his probated sentence by driving under the influence of alcohol. For this, his license was suspended and he was returned to probation.

On December 15, 1982 proceedings were again instituted to revoke appellant's probation based upon allegations that he committed the offense of criminal trespass on November 24, 1982. After a hearing held December 21, 1982 by order of the same date appellant's probation was modified and he was ordered to enter the Macon Diversion Center and to pay restitution in the amount of $650.

A subsequent petition for probation revocation was filed on February 2, 1983 alleging that appellant had been drinking upon his return to the Diversion Center on January 12, 1983 and, further, had failed to return at all on January 13, 1983. On February 15, 1983 two years of appellant's probated sentence were revoked with the remainder to be served on probation at the end of his term of imprisonment.

Appellant's motion for new trial and to set aside the judgment of December 21, 1982, which was entered February 10, 1983, was filed February 25, 1983 and amended May 4, 1983. Appellant appeals the subsequent denial of such motions.

1. Appellee has moved to dismiss appellant's appeal asserting that it was not timely filed. The record shows that although the order at issue here modifying appellant's probation on the basis of criminal trespass was signed on December 21, 1982, it was not filed until February 10, 1983. A motion for new trial or to set aside the judgment was filed February 25, 1983 and amended prior to hearing on May 4, 1983. The order denying such motion was signed and filed on May 4, 1983. Appellant's notice of appeal to this Court was filed May 5, 1983. Appellee's motion to dismiss the appeal is without merit. See OCGA § 5-6-38 (a); *Reed v. State*, 163 Ga. App. 364 (1) (295 SE2d 108) (1982).

2. Appellant appeals the trial court's December 21, 1982 order modifying his probation and ordering that he pay restitution in the amount of $650. As to that portion of the order modifying his probation by ordering his entry into the Macon Diversion Center, appellant's enumeration of error and appeal on this point is moot due to the February 15, 1983 order revoking his probation and ordering his actual incarceration. Appellant has not appealed the latter order. Even if the appeal on this ground had not been made moot by the

latter order, we find the evidence adduced at the December 21, 1982 hearing, although in conflict, sufficient to show that appellant had violated the terms of his probation by committing the offense of criminal trespass in violation of OCGA § 16-7-21 (a). See *B. L. v. State of Ga.*, 156 Ga. App. 14 (274 SE2d 67) (1980). "Only slight evidence is necessary to support a finding of a violation of probation. [Cits.] The evidence in this case certainly satisfies that standard." *Davis v. State*, 165 Ga. App. 709, 709-10 (302 SE2d 610) (1983).

On the contrary, that portion of the December 21, 1982 order wherein the trial court ruled that appellant pay restitution in the amount of $650 is in error and must be reversed. The statute applicable to probation revocation proceedings, OCGA § 42-8-38, sets out the procedure to be followed in the event that the charge upon which the violation of probation is based is not dismissed. "If the charge is not dismissed . . . the court shall give the probationer an opportunity to be heard fully at the earliest possible date. . . ." OCGA § 42-8-38 (b). Additionally, the statute expressly states those alternatives for disposition available to the trial court: "After the hearing, the court may *revoke, modify, or continue the probation.* If the probation is revoked, the court may order the execution of the sentence originally imposed or any portion thereof. In such event, the time that the defendant has served under probation shall be considered as time served and shall be deducted from and considered a part of the time he was originally sentenced to serve." (Emphasis supplied.) OCGA § 42-8-38 (c). This subsection limits the power of the trial court to a decision affecting only the probationary status of the previously convicted probationer. In no way does it provide for the imposition of a sentence of any kind based upon the charge underlying an alleged violation of the terms of a previously ordered probation.

In addition to a lack of statutory authorization for ordering restitution in a *probation revocation* proceeding, we find support for our decision in the nature of such proceeding. Appellant was essentially *convicted* on the charge of criminal trespass and sentenced to pay restitution, all without a full-blown trial and the safeguards attendant thereto. " 'The revocation of parole is not part of a criminal prosecution and thus the full panoply of rights due a defendant in such a proceeding does not apply. . . .' " *Johnson v. State*, 240 Ga. 526, 527 (242 SE2d 53) (1978), quoting Morrissey v. Brewer, 408 U. S. 471, 480 (92 SC 2593, 33 LE2d 484) (1972). Accord, *Mingo v. State*, 155 Ga. App. 284 (1, 2) (270 SE2d 700) (1980). The trial court erred in ordering appellant to pay restitution based upon the charge used to support the probation revocation proceeding.

*Judgment affirmed in part; reversed in part. Quillian, P. J., and Sognier, J., concur.*

Decided March 13, 1984.

*John R. Francisco*, for appellant.
*Willis B. Sparks III*, District Attorney, *G. F. Peterman III*, Assistant District Attorney, for appellee.