## A98A2407. WELLS v. THE STATE.
### (512 SE2d 711)

SMITH, Judge.

We granted Reuben Wells's application for discretionary appeal to consider whether the trial court properly dismissed his "Motion to Set Aside Revocation of Probation and, in the Alternative, Motion for New Trial." Because the trial court incorrectly concluded that OCGA § 5-6-35 barred the filing of such a motion, we vacate the order and remand for further proceedings consistent with this opinion.

In the trial court's order, it correctly noted that the discretionary appeal procedures apply to an order revoking probation, see OCGA § 5-6-35 (a) (5), and that under subsection (b) all appeals from such orders shall be by application. But the trial court erred in holding that, as a result, a discretionary appeal is the *exclusive* method of seeking reconsideration or review of orders and judgments enumerated in that section, barring any motion to set aside or for new trial.

OCGA § 5-6-35 itself contemplates that a motion for new trial may be filed before discretionary application is made: "When a motion for new trial . . . has been filed, the application shall be filed within 30 days after the entry of the order granting, overruling, or otherwise finally disposing of the motion." OCGA § 5-6-35 (d). OCGA § 5-6-35 in and of itself, therefore, does not foreclose the filing of a motion for new trial.

The trial court correctly stated that a probation revocation is not a criminal proceeding and must be appealed by means of a discretionary application. *State v. Wilbanks*, 215 Ga. App. 223 (450 SE2d 293) (1994). But that has no bearing on whether a motion for new trial will lie in a probation revocation proceeding. Nor does the denial of a motion for new trial change the appellant's obligation to follow the discretionary appeal procedures. OCGA § 5-6-35 (d) also provides that, even though a direct appeal will ordinarily lie from a ruling on a motion for new trial or to set aside a judgment, a case within the purview of OCGA § 5-6-35 (a) (1)-(11) remains subject to the discretionary appeal procedure. "[T]he discretionary application procedure must be followed, even when the party is appealing a judgment or order that is procedurally subject to a direct appeal under OCGA § 5-6-34 (a). [Cits.]" *Rebich v. Miles*, 264 Ga. 467, 468-469 (448 SE2d 192) (1994).

A motion for new trial properly could be filed under the circumstances existing here. A hearing was held, witnesses testified, exhibits were introduced, and counsel made objections and arguments to the trial court. In other words, the nature of the hearing was such that statutory grounds for new trial could be and were alleged. See, e.g., OCGA §§ 5-5-22; 5-5-25.

Finally, this court has considered appeal of a probation modification and revocation brought after a motion for new trial was filed and denied in the trial court. *Abney v. State*, 170 Ga. App. 265 (316 SE2d 845) (1984). *Abney* predates the inclusion of probation revocation within the discretionary appeal procedures of OCGA § 5-6-35; see *Gazaway v. State*, 178 Ga. App. 318 (343 SE2d 135) (1986). But the case remains pertinent to show that a motion for new trial may be filed with respect to a probation revocation.[1]

Consequently, we must vacate the judgment in this case and remand to the trial court for consideration of Wells's motion to set aside or in the alternative for new trial. In taking this position, we express no opinion on the merits of Wells's motion.

The clerk of this court will remove this appeal from the appellate docket and remand it to the trial court. If the trial court denies Wells's motion, he may, within 30 days of the trial court's ruling, file an application in accordance with the discretionary appeal procedures of OCGA § 5-6-35.

*Judgment vacated and case remanded with direction. Johnson, C. J., and Barnes, J., concur.*

---

[1] This court has also considered a discretionary appeal, as required by OCGA § 5-6-35 (a) (2), in a petition for modification of an existing child custody order after denial of a motion for new trial. See, e.g., *McGowan v. McGowan*, 231 Ga. App. 362 (498 SE2d 574) (1998) (physical precedent only).

DECIDED FEBRUARY 22, 1999.

Ray C. Smith, for appellant.

Spencer Lawton, Jr., District Attorney, Barbara G. Parker, Assistant District Attorney, for appellee.