## A00A0575. LOMBARDO v. THE STATE.
### (537 SE2d 143)

RUFFIN, Judge.

Michael Anthony Lombardo appeals from an order of the trial court revoking his probation. For reasons discussed below, we agree that the trial court had no authority to revoke Lombardo's probation because his probation sentence had not yet begun to run. However, it does not appear that Lombardo has fully served the prison sentence originally imposed. Accordingly, we reverse the probation revocation

order and remand this case to the trial court for recalculation of the amount of credit Lombardo is entitled to on his original sentence.

The facts in this case are rather extraordinary. In January 1997, Lombardo pled guilty in Hall County to various offenses and was given sentences totaling three years of confinement (less approximately one year for credit for time served) followed by seven years of probation. Following his sentencing, however, Lombardo served less than a month in the Georgia prison system before being extradited to Pennsylvania on February 5, 1997, to answer a charge of theft by taking a motor vehicle. Lombardo pled guilty to the Pennsylvania charge on April 18, 1997, and was sentenced to 18 months to serve. Shortly thereafter, however, he was released from custody in Pennsylvania to answer charges of making terroristic threats in New Jersey. In May 1997, a court in New Jersey for some reason allowed Lombardo to post bond, and he was apparently set free and given a court date of July 10, 1997. After he failed to appear for that court date, a bench warrant was issued for his arrest.

In July 1997, the Hall County Superior Court learned that Lombardo was not serving the sentence imposed in January. Rather than take action to have Lombardo apprehended as an escapee, however, the court for some reason entered an order stating that Lombardo's "probation sentence in this case be considered as starting on the 5th day of February 1997." Apparently, the court intended to eliminate the three-year prison sentence originally imposed in order to allow the probationary period to begin early, thus subjecting Lombardo to some form of supervision. On January 6, 1998, the court issued another order stating that, because Lombardo could not be located or apprehended, his sentence was tolled until such time as he was incarcerated.

At some point, Lombardo was arrested and held in the Lumpkin County jail. On July 8, 1998, Lombardo signed a document in the Hall County case in which he waived his right to a probation revocation hearing and admitted that he had violated the conditions of his probation by failing to report after his release from confinement in New Jersey. The trial court then entered an order revoking Lombardo's probation for a period equal to the time served in the Lumpkin County jail. Although Lombardo had not served the originally scheduled prison sentence and had disappeared after being sent to another jurisdiction for trial, the court then set him free, giving him 60 days to get his personal affairs in order, after which time he was to report to the Gainesville probation office for transfer to New Jersey. Lombardo agreed to these conditions and agreed to maintain contact with his probation officer during the 60-day period.

Lombardo was subsequently arrested in Union County for committing several offenses in August 1998, including driving with a

suspended license, attempting to elude law enforcement officers, leaving the scene of an accident, reckless driving, having no proof of insurance, and obstruction of an officer. In November 1998, the State petitioned to revoke Lombardo's probation in the Hall County case, alleging that he violated the terms of his probation by, among other things, committing the various offenses in Union County. At the revocation hearing, Lombardo admitted that he had pled guilty to these offenses. In an order dated December 16, 1998, the trial court found that Lombardo had violated his probation by committing subsequent "violent misdemeanors." The court revoked Lombardo's probation and ordered that he serve two years in confinement. Lombardo filed a motion for new trial on January 15, 1999, and the trial court denied the motion on August 3, 1999. We granted Lombardo's application for discretionary appeal.[1]

1. Under the original sentencing order, Lombardo's probationary period was not to begin until January 1999, when his period of incarceration was to end. In its July 25, 1997 order, however, the trial court modified the sentence to provide that the probationary period started on February 5, 1997. Lombardo contends that this modification was invalid because the trial court had no authority to modify the sentence after the term of court in which it was entered. Thus, Lombardo argues that the trial court had no authority to revoke his probation, since the probationary period of his sentence had not yet begun to run.

Before considering whether the purported modification was valid, we must first determine whether a trial court has the power to revoke a defendant's probation before the probationary period has begun. If it does, then the revocation order in this case would be valid even if the July 1997 modification was invalid and Lombardo's probationary period had not yet started.

OCGA § 42-8-34 (g) (former Code Ann. § 27-2709) provides that

> [t]he sentencing judge shall not lose jurisdiction over any person placed on probation during the term of his probated sentence. The judge is empowered to revoke any or all of the probated sentence, rescind any or all of the sentence, or, in any manner deemed advisable by the judge, to modify or change the probated sentence at any time *during the period*

---

[1] We have previously held that, in certain circumstances, a motion for new trial may be an appropriate vehicle for challenging a probation revocation order. See *Wells v. State*, 236 Ga. App. 607-608 (512 SE2d 711) (1999). Because the motion for new trial was based partly on Lombardo's claim that the trial court's factual findings were not supported by the evidence introduced at the revocation hearing, the motion for new trial was an appropriate method of challenging the revocation order and thus extended the period for seeking discretionary review of such order.

*of time originally prescribed for the probated sentence to run.*[2]

In several cases, we interpreted this statute to mean that a trial court could not revoke any probation sentence before the probationary period had begun to run.[3] In *Parrish v. Ault*,[4] however, the Supreme Court held that these cases did not consider the effect of Code Ann. § 27-2502 (the predecessor to OCGA § 17-10-1 (a)), which provided that

> [t]he judge imposing said sentence is hereby granted power and authority to suspend or probate said sentence, under such rules and regulations as he deems proper. *Said judge shall also be empowered to revoke said suspension or probation when the defendant has violated any of the rules and regulations prescribed by the court.*[5]

Construing this section in conjunction with Code Ann. § 27-2709 (now OCGA § 42-8-34 (g)), the court held that "a trial judge can revoke a probated sentence that is to begin at a future date."[6]

As the Supreme Court recently noted, "[t]he statutory language upon which *Parrish* relied remained unchanged until" 1992, when OCGA § 17-10-1 (a) was amended.[7] Significantly, the 1992 amendments deleted that portion of OCGA § 17-10-1 (a) (1) relied upon in *Parrish* — i.e., the sentence authorizing the judge to revoke a probation for violation of rules and regulations prescribed by the court.[8] Subsection (a) (1) was also amended to provide that the sentencing judge's power to probate a sentence was "subject to the conditions set out in this subsection[, i.e., subsection (a)]."[9] Subsection (a) (2) was redesignated as subsection (a) (5) (A) and was amended to state that, "[w]here a defendant has been sentenced to probation, the court shall retain jurisdiction throughout the period of the probated sentence *as*

---

[2] (Emphasis supplied.) The language of this section has changed slightly over the years but remains substantially the same. See Ga. L. 1958, pp. 15, 20, § 8; *England v. Newton*, 238 Ga. 534, 535 (233 SE2d 787) (1977).

[3] See *Todd v. State*, 108 Ga. App. 615, 616 (134 SE2d 56) (1963) and cases cited therein.

[4] 237 Ga. 401, 402 (228 SE2d 808) (1976).

[5] (Emphasis supplied.)

[6] Id.

[7] *Merneigh v. State*, 271 Ga. 883, 884 (525 SE2d 362) (2000). See Ga. L. 1992, pp. 3221, 3222-3225, § 1. *Merneigh* did not expressly state whether the changes wrought by the 1992 amendments were sufficient to render *Parrish* no longer applicable but simply noted that in 1991, the trial court was "clearly authorized" to revoke a probated sentence that had not yet begun. *Merneigh*, supra at 884.

[8] OCGA § 17-10-1 (a) (1); Ga. L. 1992, pp. 3221, 3223, § 1.

[9] OCGA § 17-10-1 (a) (1); Ga. L. 1992, pp. 3221, 3223, § 1.

*provided for in subsection (g) of Code Section 42-8-34.*"[10] A new subsection (a) (4) was added, stating that "[i]n cases of imprisonment followed by probation, the sentence shall specifically provide that the period of probation shall not begin until the defendant has completed service of the confinement portion of the sentence."[11]

Thus, as part of the 1992 amendments, the statutory language relied upon in *Parrish* to modify the limitations of OCGA § 42-8-34 (g) was removed. Moreover, the trial court's jurisdiction over the probated portion of a sentence was expressly made subject to OCGA § 42-8-34 (g), which states that the court may modify or revoke a probation sentence "during the period of time originally prescribed for the probated sentence to run." And the new statute clarified that the probationary period does not begin until completion of the confinement portion of the sentence. It thus seems clear that, following the 1992 amendments, the trial court no longer has the power to revoke a probation sentence that has not yet begun. Accordingly, the trial court's order revoking Lombardo's probation would be proper only if the July 1997 order modifying the sentence is valid.

It is well settled that, in the absence of statutory authority to the contrary, "a trial court is without jurisdiction to modify a sentence after the expiration of the term of court during which the sentence was entered."[12] We applied this rule in *Latham v. State*[13] to facts substantially similar to those in the present case. In *Latham*, a defendant was sentenced to seven years in prison followed by twenty-three years on probation. Because she was pregnant at the time, she did not immediately begin serving her prison sentence. After the term of court expired, but before she began serving her prison sentence, the defendant moved to eliminate the prison term from her sentence. We held that the trial court lacked authority to modify the sentence by eliminating the prison component. We noted that, although OCGA § 17-10-1 (a) (5) (A) gave the trial court jurisdiction over the probated portion of a sentence, "no similar language grants the trial court power to modify the term of incarceration."[14] In this case, the effect of the trial court's July 1997 order was to eliminate the three-year prison sentence so as to allow the probationary portion to begin running early. As Lombardo correctly points out, the trial court was without authority to so modify the sentence.

Because the trial court lacked jurisdiction to modify Lombardo's

---

[10] (Emphasis supplied.) OCGA § 17-10-1 (a) (5) (A); Ga. L. 1992, pp. 3221, 3223, 3224-3225, § 1.

[11] OCGA § 17-10-1 (a) (4); Ga. L. 1992, pp. 3221, 3224, § 1.

[12] (Punctuation omitted.) *Fox v. State*, 241 Ga. App. 399 (527 SE2d 216) (1999).

[13] 225 Ga. App. 147 (483 SE2d 322) (1997).

[14] Id. at 149.

sentence after the term of court expired, the July 1997 order was void and of no effect, and the trial court's order revoking Lombardo's probation must be reversed.[15] However, from the record before this Court, it does not appear that Lombardo has fully served the three-year prison sentence originally imposed. To the extent that any portion of that sentence remains unserved, Lombardo should of course be required to serve it, and his probationary period would begin running upon the completion of such service. On remand, therefore, the trial court should determine the amount of credit to which Lombardo is entitled for time served.

2. Due to our ruling above, it is unnecessary to consider Lombardo's remaining enumerations.

*Judgment reversed and case remanded with direction. Andrews, P. J., and Ellington, J., concur.*

DECIDED JULY 10, 2000.

*Fox, Chandler, Homans, Hicks & McKinnon, Graham McKinnon IV*, for appellant.

*Lydia J. Sartain, District Attorney, Deborah R. Mitchell, Assistant District Attorney*, for appellee.

---

[15] See *Harrison v. State*, 201 Ga. App. 577, 583 (5) (411 SE2d 738) (1991) ("A sentence or portion thereof that is unauthorized by law is a nullity and void."); *Dover v. State*, 195 Ga. App. 507, 508 (393 SE2d 760) (1990) (physical precedent only) (sentence modified after expiration of term is void). Neither party discusses whether Lombardo, by acknowledging a previous violation of probation in July 1998, waived the right to challenge the validity of the 1997 modification order. However, the trial court's lack of authority is an issue of subject matter jurisdiction, see *Barber v. State*, 240 Ga. App. 156, 157 (1) (b) (522 SE2d 528) (1999), and we are aware of no authority for the proposition that an order void for lack of subject matter jurisdiction may be rendered effective due to the actions of the parties. See *Nicholson v. State*, 261 Ga. 197, 199, n. 3 (403 SE2d 42) (1991) ("Parties may not give jurisdiction to a court by consent, express or implied, . . . [although] lack of jurisdiction of the person may be waived."); *Davis v. State*, 197 Ga. App. 746, 747 (2) (399 SE2d 554) (1990) (right to attack judgment as a nullity for lack of subject matter jurisdiction "is not waived by the failure to attack it before"); *Barber*, supra (individual may attack void judgment " 'when it becomes material to the interest of the parties to consider it' ").