## S02A1392. WILLIAMS v. AYERS.
### (577 SE2d 767)

SEARS, Presiding Justice.

The issue presented in this habeas action is whether the habeas court correctly held that the revocation of the balance of the appellant's probation was authorized under former OCGA § 42-8-34.1 (c). For the reasons that follow, we conclude that the habeas court erred in ruling that the balance of appellant's probation was properly revoked. Accordingly, we reverse.

Relying on the phrase "imposed pursuant to this Code section" in former § 42-8-34.1 (c),[1] this Court has construed former subsection (c) to mean that a violation of a special condition of probation may result in the revocation of the balance of probation only if the special condition (1) was imposed or reimposed by a trial court as part of a prior revocation proceeding under § 42-8-34.1, or (2) was a court-ordered payment of restitution, costs, or fines authorized under § 42-8-34.1 (d), whether imposed by the original sentencing court or by a trial court as part of a prior revocation proceeding.[2] Other than the payment of restitution, costs, or fines imposed by the original sentencing court, no other special condition of probation imposed only by the

---

[1] Former OCGA § 42-8-34.1 (c) provided as follows:
(c) If the violation of probation or suspension alleged and proven by a preponderance of the evidence or the defendant's admission is the commission of a felony offense or the violation of a special condition imposed pursuant to this Code section, notwithstanding any other provision of law, the court may revoke no more than the lesser of the balance of probation or the maximum time of the sentence authorized to be imposed for the crime constituting the violation of the probation.
See Ga. L. 1988, pp. 1911, 1912, § 1. If the balance of Williams's probation may not be revoked under former § 42-8-34.1 (c), then former § 42-8-34.1 (b) controls his revocation and "no more than two years of his probation" could be revoked. See Ga. L. 1988, pp. 1911, 1912, § 1.
[2] *Chatman v. Findley*, 274 Ga. 54, 55-57 (548 SE2d 5) (2001). In 2001, the General Assembly amended OCGA § 42-8-34.1 so that it now permits the revocation of the balance of a probated sentence upon the violation of a special condition imposed by the original sentencing court. See current OCGA § 42-8-34.1 (a) and (e); Ga. L. 2001, pp. 94, 98, § 7. OCGA § 42-8-34.1, as amended in 2001, does not apply to Williams's case.

original sentencing court may serve as the basis to revoke probation.[3]

In the present case, the probation that the State sought to revoke was imposed as part of Williams's sentence for a conviction in 1999. The conditions of probation that were imposed as part of the 1999 sentence did not include the payment of restitution, costs, or fines. Moreover, because the probation revocation proceedings in question were Williams's first on his 1999 sentence, the conditions of probation that Williams was alleged to have violated were imposed by the original sentencing court and were not imposed or reimposed by a trial court during a prior probation proceeding under former OCGA § 42-8-34.1.[4] Accordingly, the alleged violation of those conditions did not authorize the trial court that conducted the probation revocation proceeding to revoke the balance of Williams's 1999 sentence, and the habeas court erred by ruling to the contrary.[5]

*Judgment reversed. All the Justices concur.*

DECIDED JANUARY 27, 2003.

*John M. Daley*, for appellant.
*Thurbert E. Baker, Attorney General, Wylencia H. Monroe, Assistant Attorney General*, for appellee.

---

[3] Id.

[4] The habeas court ruled, in part, that, because Williams had had a prior revocation proceeding on a 1993 conviction and sentence (which had expired before his 1999 conviction and sentence), the revocation of the balance of Williams's 1999 sentence was authorized. This ruling was incorrect, as the conditions of probation violated on the 1999 sentence were not "imposed or reimposed" in the 1993 revocation proceeding, and thus could not authorize the revocation of the balance of Williams's current probated sentence under the rationale of *Chatman*, supra.

[5] *Chatman*, 274 Ga. at 55-57.