## A03A0238. JONES v. THE STATE.
### (579 SE2d 827)

BLACKBURN, Presiding Judge.

Following revocation of his probation, Gerald Jones appeals, contending the trial court lacked jurisdiction to prospectively revoke his probation prior to the time his probationary period had begun. For the reasons set forth below, we must agree and vacate the trial court's ruling.

Generally, "[t]his court will not interfere with a [trial court's decision regarding probation] revocation unless there has been a manifest abuse of discretion." (Punctuation omitted.) *Cordle v. State*.[1] However, because this case involves only the interpretation and application of statutes and case law to undisputed facts, we review the lower court's decision de novo. *State v. Heredia*.[2]

1. As an initial matter, we note that, effective July 2001, OCGA § 17-10-1 has been amended. OCGA § 17-10-1 (a) (1) now states, in pertinent part:

> The judge imposing the sentence is granted power and authority to suspend or probate all or any part of the entire sentence under such rules and regulations as the judge deems proper, including the authority to revoke the suspension or probation when the defendant has violated any of the rules and regulations prescribed by the court, even before the probationary period has begun, subject to the conditions set out in this subsection; provided, however, that such action shall be subject to the provisions of Code Section 17-10-6.1.

OCGA § 17-10-1 (a) (4), which prohibits probation revocations during the period of parole, remains unchanged.

Under the revised statute, trial courts now have the power to prospectively revoke probation, subject to limitations such as OCGA

---

[1] *Cordle v. State*, 173 Ga. App. 369, 370 (326 SE2d 557) (1985).
[2] *State v. Heredia*, 252 Ga. App. 89 (555 SE2d 91) (2001).

§ 17-10-1 (a) (4). As such, the holdings of cases such as *Parrish v. Ault*[3] have been reinstated. These considerations have no bearing on the case at hand, however, and, accordingly, we decline to reach such issues here. Instead, the analysis which follows employs the statutory authority as it existed at the time of Jones' probation revocation.

2. The record shows that, in 1999, Jones pled guilty to theft by taking and was sentenced to three years in prison followed by seven years probation. Prior to serving the entirety of his incarceration, Jones was released on parole, and his probation was scheduled to begin on February 2, 2004. On March 21, 2001, while on parole, Jones was arrested, and, on April 24, 2002, he was convicted of making terroristic threats and battery. Thereafter, Jones' probation was revoked for the commission of these crimes on June 18, 2002, almost two years before the start of Jones' probation.[4] It is from this order that Jones appeals.

Jones contends that the law did not permit prospective revocation of probation at the time he committed the acts on which his probation revocation was based. We are constrained to agree.

In March 2001, when Jones committed the crimes precipitating his probation revocation, a trial court did not have the power to prospectively revoke probation. In *Lombardo v. State*,[5] this Court was required to determine whether a trial court, after certain statutory changes in 1992, had the power to revoke a defendant's probation before the probationary period had begun. Analyzing changes in the statutory provisions regarding probation revocation, we held that

> as part of the 1992 amendments, the statutory language relied upon in *Parrish* to modify the limitations of OCGA § 42-8-34 (g) was removed. Moreover, the trial court's jurisdiction over the probated portion of a sentence was expressly made subject to OCGA § 42-8-34 (g), which states that the court may modify or revoke a probation sentence "during the period of time originally prescribed for the probated sentence to run." And the new statute clarified that the probationary period does not begin until completion of the confinement portion of the sentence. It thus seems clear that, following the 1992 amendments, the trial court no longer has the power to revoke a probation sentence that has not yet begun.

Id. at 889 (1).

---

[3] *Parrish v. Ault*, 237 Ga. 401 (228 SE2d 808) (1976).

[4] The trial court also sentenced Jones to six years in prison for his new convictions, to run consecutive to his 1999 sentence.

[5] *Lombardo v. State*, 244 Ga. App. 885 (537 SE2d 143) (2000).

Therefore, under the law as it existed from 1992 until July 1, 2001, a trial court did not have the authority to modify or revoke a defendant's probation before the term of probation began. As such, we must vacate the trial court's order revoking Jones' probation in this case.

*Judgment vacated. Ellington and Phipps, JJ., concur.*

DECIDED MARCH 19, 2003.

*John L. Land*, for appellant.

*W. Kendall Wynne, Jr., District Attorney, Brian K. Ross, Assistant District Attorney*, for appellee.