## S04A1253. POSTELL v. HUMPHREY.
(604 SE2d 517)

BENHAM, Justice.

Timothy Postell is a state prisoner who filed a petition for writ of habeas corpus in which he challenged the validity of his incarceration resulting from the 2001 revocation of prospective probation sentences imposed in 1993, 1995, and 1997 for felony shoplifting convictions. Citing OCGA § 17-10-1 (a) (4), the habeas court determined the revocation of the prospective probation imposed in 1997 was a violation of Postell's due process rights because, at the time of the probation revocation, Postell was on parole and in the custody of the Board of Pardons and Paroles.[1] With regard to the revocation of the 1993 and 1995 prospective probation sentences, the habeas court concluded the trial court did not err in revoking them because the 2001 amendment to OCGA § 17-10-1 (a) (1) gave the trial court authority to revoke probation that was to begin in the future. Postell filed an application for a certificate of probable cause in this Court, claiming the habeas court erred when it did not follow *Jones v. State*, 260 Ga. App. 401 (579 SE2d 827) (2003), and apply the version of OCGA § 17-10-1 (a) (1) in effect in 2000, when Postell committed the act on which the probation revocation was based. We granted Postell's application, asking the parties to address whether *Jones v. State* is a correct statement of the law.

The Court of Appeals's decision in *Jones* is the latest step in a legislative-judicial dance concerning the authority of a trial court to revoke a criminal defendant's probation prior to the defendant entering into service of the probation. In response to a line of decisions issued by the Court of Appeals holding that a sentencing judge did not have authority under Code Ann. § 27-2709, the predecessor to OCGA § 42-8-34 (g), to revoke probation before the probationary period had begun to run, this Court construed Code Ann. § 27-2502, the predecessor to OCGA § 17-10-1 (a), and Code Ann. § 27-2709 to hold that "a trial judge can revoke a probated sentence that is to begin at a future date." *Parrish v. Ault*, 237 Ga. 401, 402 (228 SE2d 808) (1976). In 1992, the Georgia General Assembly amended OCGA § 17-10-1 (a) and, in so doing, removed the language relied upon by the Court in

---

[1] The Warden did not file an appeal concerning this portion of the habeas court's order.

*Parrish,* causing the Court of Appeals to conclude trial courts no longer had authority to revoke a probation sentence that had not yet begun. *Lombardo v. State,* 244 Ga. App. 885 (1) (537 SE2d 143) (2000). The General Assembly then amended § 17-10-1 (a) to provide expressly that sentencing judges were authorized "to revoke . . . probation . . . even before the probationary period has begun. . . ." Ga. L. 2001, p. 94, § 5, effective July 1, 2001.

The most recent step in the dance is the Court of Appeals's 2003 decision in *Jones,* a direct appeal from a revocation of probation. In March 2001, Jones made terroristic threats and committed a battery while on parole from a 1999 conviction for which he had been sentenced to incarceration to be followed by probation. In June 2002, the probationary portion of his 1999 sentence which was scheduled to begin in February 2004 was revoked based on his acts of making the terroristic threats and committing the battery. The Court of Appeals reversed the revocation of probation because it believed it was required to apply the law in existence at the time the defendant committed the acts which led to his probation revocation. *Jones v. State,* supra, 260 Ga. App. at 402. The Court of Appeals concluded the trial court did not have authority to revoke Jones's prospective probation in June 2002 because in March 2001, when Jones committed the acts upon which the revocation was based, a trial court did not have authority to revoke probation that had not yet begun. See *Lombardo v. State,* supra, 244 Ga. App. 885. As there was no petition for a writ of certiorari filed in *Jones,* Postell's petition for habeas corpus relief in the case at bar provides this Court with the first opportunity to examine *Jones.*

The *Jones* decision implicates the constitutional provisions prohibiting ex post facto laws. See Ga. Const. 1983, Art. I, Sec. I, Par. X; U. S. Constitution, Art. I, Sec. 9. After reviewing the case law construing the ex post facto provisions of the state and federal constitutions, we see two errors of law in the *Jones* decision. First, by focusing on the law in effect at the time the defendant committed the act which served as the basis for probation revocation, the Court of Appeals implicitly saw probation revocation as a punishment for the new offense of violating the conditions of supervised release. In *Johnson v. United States,* 529 U. S. 694, 700 (120 SC 1795, 146 LE2d 727) (2000), the U. S. Supreme Court described such a view as having the potential of raising "serious constitutional questions" and observed that "[t]reating postrevocation sanctions as part of the penalty for the initial offense . . . avoids these difficulties." Thus, to avoid the constitutional issues to which the Supreme Court alluded, the purported ex post facto law must be measured against the law in effect at the time of the initial offense, not the law in effect at the time of the act that results in probation revocation.

Second, legislative acts which implicate the "core concern of the *Ex Post Facto* Clause" (*Collins v. Youngblood*, 497 U. S. 37, 41-42 (110 SC 2715, 111 LE2d 30) (1990)) under the Georgia Constitution are those which make criminal an act which was innocent when done, inflict a greater punishment than was permitted by the law in effect at the time of the offense, change the quality or degree of the offense, require less or different evidence for conviction than that required at the time of the offense, or deprive the defendant of a substantial right or immunity he possessed at the time of the offense. *Love v. State*, 271 Ga. 398 (1) (517 SE2d 53) (1999). See also *Collins v. Youngblood*, supra, 497 U. S. at 42, limiting the types of legislative acts which implicate the ex post facto clause of the U. S. Constitution to the first four listed above, and *Lynce v. Mathis*, 519 U. S. 433, 441 (117 SC 891, 137 LE2d 63) (1997) ("To fall within the *ex post facto* prohibition [of the U. S. Constitution], a law must be retrospective . . . and it must disadvantage the offender affected by it by altering the definition of criminal conduct or increasing the punishment for the crime. . . .") (citation and punctuation omitted).

The two factors possibly applicable to the case at bar are whether the revocation of probation inflicts a greater punishment than was permitted by the law in effect at the time of the offense, and whether the revocation of probation deprived appellant of a substantial right or immunity he possessed at the time of the offense. Appellant received probated sentences of five and ten years for the 1993 and 1995 felony shoplifting convictions. Revoking his probation and having him serve those terms while incarcerated did not inflict a greater punishment on him than was permitted at the times he committed the offenses since he could have been sentenced in 1993 and 1995 to terms of incarceration of five and ten years for the offenses.

The remaining inquiry is whether the probation revocation deprived appellant of a substantial right or immunity he possessed in 1993 and 1995. "[A] statute is void and ineffective as related to previous offenses, if it takes from the accused a substantial right given to him by law in force at the time to which his guilt relates. . . ." *Winston v. State*, 186 Ga. 573, 574 (1) (198 SE 667) (1938). Such a right includes the right to a recommendation of mercy by the jury as a matter of grace (id.), but does not include the right of a defendant to make an unsworn statement at trial (*Eades v. State*, 232 Ga. 735 (3) (208 SE2d 791) (1974)), the right to have unchanged the scope of evidence which may be offered against a defendant (*Livingston v. State*, 264 Ga. 402 (1) (e) (444 SE2d 748) (1994)), the right not to have prior convictions used in the sentencing phase (*Solomon v. State*, 247 Ga. 27 (7) (277 SE2d 1) (1980)), or the right not to have evidence of a defendant's participation in other crimes introduced (*Todd v. State*,

228 Ga. 746, 748 (187 SE2d 831) (1972)). To have an ex post facto violation in *Jones* and in the case at bar, appellant and Jones must have had a substantial right at the time they committed the offenses for which they were given probated sentences, to receive probated sentences that could not be revoked unless the recipient committed a revocable act while serving the probated sentence. Inasmuch as trial courts are vested with "power and authority to suspend or probate all or any part of the entire sentence . . . as the judge deems proper . . . ," (OCGA § 17-10-1 (a) (1)), neither Jones nor appellant could have had a substantial right to receive probation. Accordingly, OCGA § 17-10-1 is not a law that implicates ex post facto concerns, and the Court of Appeals erred when it reversed the revocation of probation in *Jones v. State*. Accordingly, we overrule *Jones v. State*. It follows that the court which denied habeas corpus relief in the case at bar did not err when it did not apply *Jones* to the facts before it.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 25, 2004 —
RECONSIDERATION DENIED NOVEMBER 22, 2004.

Timothy Postell, *pro se.*

*Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Mark A. Gilbert*, for appellee.