S06A1631. WALKER v. BROWN.
(639 SE2d 470)

BENHAM, Justice.

In November 2003, the balance of appellant Tarius M. Walker's probation was revoked due in part to his failure to abide by a special condition of probation imposed when he was sentenced January 28,

2002, for crimes he had committed in 2000.[1] Walker filed a petition for a writ of habeas corpus in 2004 in which he contended the imposition of the special condition of probation in 2002 was a violation of due process, and the applicable version of the probation revocation statute (OCGA § 42-8-34.1) was that which was in effect when he committed the crimes for which he was sentenced. The habeas court denied the application for habeas corpus relief after finding the imposition of the special condition in 2002 was not illegal and the relevant version of OCGA § 42-8-34.1 was that which was in effect when Walker's probation was revoked in 2003. We granted Walker's application for a certificate of probable cause, asking whether the 2001 amendments to OCGA § 42-8-34.1 were applicable to a defendant sentenced after the effective date of the amendments for a crime committed before the effective date. Under the former version of the statute as construed by the appellate courts of this State, the balance of Walker's probation could not be revoked for violation of a special probation; however, the balance of probation is revocable under the amended version.[2]

1. We address first appellant's contention that the sentencing court erred by imposing a special condition of probation when it sentenced appellant in January 2002. "The probation and suspension

---

[1] Appellant pled guilty to two counts of aggravated assault and received concurrent sentences of eight years, with twelve months to be served and the balance probated. He also pled guilty to possession of a firearm by a convicted felon and received a concurrent five-year sentence, with twelve months to be served and the balance probated. Under "Other Terms of Probation" on appellant's sentencing form, the sentencing court wrote: "As a special condition of probation, defendant must turn himself in to the DeKalb County Jail on February 11, 2002, at 9:00 a.m., and the violation of this condition may result in the revocation of the balance of probation."

[2] The amended version (OCGA § 42-8-34.1 (e)) authorizes the revocation of a probated sentence in its entirety upon proof by a preponderance of the evidence or by the defendant's admission of a violation of a special condition of probation, with "special condition of probation" statutorily defined as a condition of a probated sentence expressly imposed as part of a sentence and identified in writing as a condition the violation of which authorizes the court to revoke the probation and require the defendant to serve the balance of the sentence in confinement. OCGA § 42-8-34.1 (a); *Williams v. Ayers*, 276 Ga. 130, n. 2 (577 SE2d 767) (2003). The pre-amendment version (former OCGA § 42-8-34.1 (c)) authorized the revocation of the balance of a probated sentence for violation of a special condition of probation "imposed pursuant to [OCGA § 42-8-34.1] . . . ," and this Court construed former subsection (c) to mean that the violation of a special condition of probation imposed by the *sentencing court* (other than a special condition requiring the payment of restitution, reparation, costs, or fines) could not serve as the basis for the revocation of the entirety of the defendant's probated sentence. *Chatman v. Findley*, 274 Ga. 54, 57 (548 SE2d 5) (2001). See *Williams v. Ayers*, supra, 276 Ga. 130; *Glover v. State*, 272 Ga. 639 (533 SE2d 374) (2000) (subsection (c) authorizes revocation of the entirety of a probated sentence for violation of a special condition of probation that was imposed or reimposed by a trial court in a prior revocation proceeding under former OCGA § 42-8-34.1, or for violation of a special condition of court-ordered payment of restitution, reparation, costs, or fines authorized by former OCGA § 42-8-34.1 (d) and imposed by the original sentencing court or by a trial court in a prior revocation proceeding).

statutes in Georgia vest broad discretion in trial judges. In the absence of express authority to the contrary, we see no logical reason why any reasonable condition imposed for probation or suspension of a sentence by a trial court should not be approved." *State v. Collett*, 232 Ga. 668, 670 (208 SE2d 472) (1974). Former OCGA § 42-8-34.1 (c) did not prohibit the imposition of a special condition of probation by a sentencing court. See, e.g., *Gearinger v. Lee*, 266 Ga. 167 (465 SE2d 440) (1996); *In the Interest of A. M. W.*, 249 Ga. App. 22 (547 SE2d 401) (2001); *Villedrouin v. State*, 246 Ga. App. 774 (542 SE2d 160) (2000) (all of which involve crimes committed prior to 2001 and in which a special condition of probation was imposed on the defendant). Rather, what former OCGA § 42-8-34.1 (c) did not permit was the revocation of the balance of a probated sentence for violation of a special condition of probation imposed by a trial court. *Chatman v. Findley*, 274 Ga. 54, 57 (548 SE2d 5) (2001). Accordingly, if former OCGA § 42-8-34.1 (c) were applicable, the sentencing court did not violate that statute when it imposed a special condition of probation on appellant.

2. Citing *Postell v. Humphrey*, 278 Ga. 651 (604 SE2d 517) (2004), appellant argues that application of the amended version of OCGA § 42-8-34.1 to his case violates the constitutional prohibition against ex post facto laws. See Ga. Const. 1983, Art. I, Sec. I, Par. X; U. S. Constitution, Art. I, Sec. 9. In that case, inmate Postell complained his probation revocation should have been governed by the version of the statute (OCGA § 17-10-1 (a) (1)) in effect at the time he committed the act on which the probation revocation was based. The habeas court ruled it was appropriate to apply the version of the statute in effect at the time probation was revoked. We affirmed the judgment of the habeas court, holding that application of the law in effect at the time of the probation revocation did not violate the Ex Post Facto Clause because the law applied, when measured against the law in effect at the time the defendant committed the offense for which he received the probated sentence, did not implicate "the core concern of the Ex Post Facto Clause" — it did not make criminal an act which was innocent when done; it did not inflict a greater punishment than was permitted by the law in effect at the time of the offense; it did not change the quality or degree of the offense; it did not require less or different evidence for conviction than that required at the time of the offense; and it did not deprive the defendant of a substantial right or immunity he possessed at the time of the offense. Id. at 653-654.

In order to avoid the potential "serious constitutional questions" the U. S. Supreme Court saw in the application of the probation revocation law in effect at the time the defendant committed the act that served as the basis for the revocation of probation, we ruled in *Postell* that the law applied therein (the law in effect at the time of the

probation revocation) "must be measured against the law in effect at the time of the initial offense, not the law in effect at the time of the act that results in probation revocation," to determine if an ex post facto violation resulted from use of the applied law. Id. at 652. Contrary to appellant's contention, we did not hold that a court revoking probation must apply the version of the probation revocation statute in effect when the defendant committed the crime for which he received probation.

We apply the *Postell* rationale to appellant's case to determine if application of the law at the time of the probation revocation violated the constitutional prohibition against ex post facto laws. As was the case in *Postell*, the two factors of the "core concern of the *Ex Post Facto* Clause" possibly applicable to this case are "whether the revocation of probation inflicts a greater punishment than was permitted by the law in effect at the time of the offense, and whether the revocation of probation deprived appellant of a substantial right or immunity he possessed at the time of the offense." Id. at 653. When appellant committed the aggravated assaults and possessed the firearm while a convicted felon in 2000, the law provided for terms of imprisonment from one to twenty years for aggravated assault (Ga. L. 1991, p. 971, § 3), and for terms of imprisonment of one to five years for possession of a firearm by a convicted felon. Ga. L. 1980, p. 1509, § 1. Appellant received an eight-year sentence, to serve twelve months followed by seven years of probation, for each of the two aggravated assaults, and a five-year sentence, to serve twelve months followed by four years of probation, for the possession conviction, with all sentences to be served concurrently. Revoking his probation and having him serve those terms while incarcerated did not inflict a greater punishment on him than was permitted at the time he committed the crimes. Id.

The remaining inquiry is whether the probation revocation deprived appellant of a substantial right or immunity he possessed in 2000. In order for the application of the 2002 law to constitute an ex post facto violation, appellant had to have had a substantial right at the time he committed the offenses to receive probated sentences that could not be revoked in their entirety upon the violation of a special condition imposed by the sentencing court. Inasmuch as the imposition of a probated sentence is within the discretion of the sentencing court (OCGA § 17-10-1 (a) (1)), appellant did not have a substantial right to receive probation, much less to receive probation that could not be revoked in its entirety upon violation of a special condition of probation. Accordingly, use of the amended version of OCGA § 42-8-34.1 when appellant's probation was revoked did not implicate ex post facto concerns. *Postell v. Humphrey*, supra, 278 Ga. at 654.

3. Since the revocation of the balance of appellant's probation does not result in unlawful confinement under a sentence longer than

that permitted by statute, appellant has not suffered a denial of liberty without due process of law. See *Manville v. Hampton*, 266 Ga. 857 (1) (471 SE2d 872) (1996). Consequently, appellant's contention that he has been denied due process is without merit.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 8, 2007.

*King, King & Jones, David H. Jones, Brian A. Gardiner*, for appellant.

*Gwendolyn Keyes Fleming, District Attorney, Daniel J. Quinn, Assistant District Attorney, Thurbert E. Baker, Attorney General*, for appellee.