S08A0758. JOWERS v. WASHINGTON.
(668 SE2d 703)

SEARS, Chief Justice.

Richard Jowers, Jr., appeals the denial of his petition for habeas corpus. In 1999, Jowers was convicted of two counts of child molestation and sentenced to 20 years in prison with 17 years to be served on probation. Jowers violated his probation in 2003 and again in 2005 by continuing to associate with children. After the 2005 violation, the sentencing court revoked Jowers's probation and ordered him to serve the balance of his original 20-year sentence in prison. A habeas court denied Jowers's petition for a writ of habeas corpus the following year, and we granted his application for a certificate of probable cause to appeal.

Jowers contends the sentencing court erred in revoking more than two years of his probated sentence because a modification order entered after his 2003 probation violation does not contain certain language that is statutorily required in order to revoke more than two years of a convict's probation. We conclude that as long as the original sentence contains the specified warnings, a convict's probation can be revoked, and he or she can be ordered to serve the balance of his or her original sentence behind bars.

1. On June 18, 1999, a Coffee County jury convicted Jowers on two counts of child molestation for repeatedly fondling two neighbor girls ages five and seven. The trial court sentenced Jowers to

"confinement for a period of Twenty (20) years" but ordered that "upon service of Three (3) yrs.," "the remainder of Seventeen (17) yrs. may be served on probation PROVIDED that [Jowers] complies with the following general and other conditions herein imposed by the Court as a part of this sentence." The court imposed no general conditions but did order Jowers to pay a fine, probation fees, and attorney fees and also ordered Jowers to comply with certain "Special Conditions" listed in an exhibit attached to the sentencing order that was "specifically incorporated herein and made a part hereof." The sentencing order advised Jowers that the court could lift the conditions or discharge him from probation at any time; that he was subject to arrest for violating any condition; and that "[i]f such probation is revoked, the Court may order the execution of the sentence which was originally imposed or any portion thereof," i.e., "confinement for a period of Twenty (20) years."

Under the heading "Special Conditions," the exhibit stated that Jowers was "to be placed under the sex offender conditions of probation and abide by all conditions marked . . . [on] Exhibit 'B' attached hereto, specifically incorporated herein and made a part hereof." Exhibit B, in turn, listed various special conditions, including that Jowers have "no contact, whether directly in person or indirectly through any means of communication, with any child under the age of eighteen (18)," including his own children, "except under circumstances approved in advance and in writing by the Court." A separate provision barred Jowers from "dat[ing] or marry[ing] anyone who has children under the age of eighteen (18), unless approved in advance and in writing by the probation officer in consultation with the treatment provider or the sentencing court." The same provision required Jowers to "notify any such person of [his] criminal history." Like the sentencing form itself, the exhibit warned Jowers that "[a]ny non-compliance with any ordered conditions will be considered sufficient cause to warrant . . . revocation of probation."

Not long after his release from prison three years later, Jowers violated the probation conditions relating to contact with children. Jowers's probation officer filed a petition to modify or revoke probation with the sentencing court, and after a hearing, the sentencing court granted the petition on September 5, 2003. The court specifically found that Jowers had violated the terms of his probation. Nevertheless, the court ordered only that the "probation provisions in [Jowers's] original sentence [be] continued, under supervision" and made one small modification to the original sentencing order:

All sex offender conditions [of the original sentence] apply with the exception that the defendant may have contact with his fifteen (15) year old son. See exhibit "B" attached hereto, specifically incorporated herein and made a part hereof.

Like the original sentencing form and its attached Exhibit B, Exhibit B to the modification order expressly admonished Jowers that "[a]ny noncompliance with any ordered condition will be considered sufficient cause to warrant . . . revocation of probation."

Less than two years later, Jowers was at it again, this time by dating a woman with three minor children around the same ages as his original victims. Jowers's probation officer filed a second petition to modify or revoke his probation, and the sentencing court conducted a hearing at which Jowers admitted the violations. On July 26, 2005, the court revoked Jowers's probation in full and ordered him to serve out the balance of his original 20-year sentence in confinement. The trial court rejected Jowers's subsequent motion to vacate his sentence, and the Court of Appeals affirmed.[1]

On October 4, 2006, Jowers filed a petition for writ of habeas corpus in the Johnson County Superior Court. Jowers raised seven grounds for relief, all of which alleged essentially the same error, i.e., that the revocation in 2005 was based on violations of special conditions that were never properly made a part of his sentence. Jowers argued that the conditions barring contact with children were "general conditions," that the violations were insufficient to justify revoking the entire 14-year balance of his probation, and that his attorney was constitutionally ineffective in failing to appeal the revocation order. On July 18, 2007, after two days of evidentiary hearings, the habeas court denied the petition. Jowers filed an application for a certificate of probable cause to appeal, which this Court granted on January 8, 2008. We directed the parties to address the following question:

Whether there was substantial compliance with OCGA § 42-8-34.1 (a) so as to authorize revocation of the balance of Jowers' probation for violating a "special condition of probation." See *Harvey v. Meadows*, 280 Ga. 166 [(626 SE2d 92)] (2006).

Jowers filed a pro se brief attempting to address this question. The

---

[1] *Jowers v. State*, 245 Ga. App. 773 (538 SE2d 853) (2000).

Warden elected not to file a response.[2]

2. This appeal turns on OCGA § 42-8-34.1, which governs the revocation of probated and suspended sentences. The statute distinguishes between "general conditions" of probation and "special conditions" of probation. If a convict violates a general condition of probation other than by committing a new felony, the sentencing court must consider alternatives to reincarceration and can revoke no more than two years of probation.[3] However, if a convict violates a special condition of probation, the statute authorizes the sentencing court to revoke the convict's probation entirely and require him or her to serve up to the balance of the original sentence in prison.[4] A "special condition" of probation is one that was "expressly imposed as part of the sentence in addition to general conditions of probation and court ordered fines and fees" that was "identified in writing in the sentence as a condition the violation of which [would] authorize[ ] the court to revoke the probation . . . and require the defendant to serve up to the balance of the sentence in confinement."[5] A "general condition" is one that does not meet the definition of a "special condition."

In *Harvey*, the original sentence did not impose any special conditions of probation. When the convict violated a general condition of his probation, the sentencing court revoked six months of his probation and told the convict in open court that his original conditions of probation were now special conditions instead of general conditions and a violation would subject him to having his probation revoked entirely. However, the trial court neglected to include this language in the resulting revocation order. When the convict later violated the conditions of his probation again, the sentencing court revoked his probation completely and ordered him imprisoned for the remainder of his original sentence. The convict filed a petition for habeas corpus, which was denied, and we granted his application for a certificate of probable cause to appeal. We agreed with the habeas court that substantial compliance with the statutory requirements is all that is required to create a special condition of probation but held that an oral advisement does not amount to substantial compliance with a statute that requires something to be identified in writing in the sentence.[6]

---

[2] Jowers filed a "Motion for Default Judgment" under OCGA § 9-11-55 arguing that because the Warden failed to file a brief on appeal, he is entitled to a ruling in his favor. This argument is meritless, and his motion is hereby denied.

[3] OCGA § 42-8-34.1 (c).

[4] OCGA § 42-8-34.1 (e).

[5] OCGA § 42-8-34.1 (a) (1)-(2).

[6] *Harvey*, 280 Ga. at 169-170. Accord *Gardner v. State*, 259 Ga. App. 375, 378-379 (577

The revocation statute defines a special condition of probation as one that "[i]s expressly imposed as part of *the sentence* in addition to general conditions of probation and court ordered fines and fees" and "[i]s identified in writing in *the sentence* as a condition the violation of which authorizes the court to revoke the probation or suspension and require the defendant to serve up to the balance of the sentence in confinement."[7] Thus, in determining whether a "special condition" of probation has been violated so as to authorize total revocation of a probated sentence, the sentencing court must examine the original sentencing order, regardless of when it was entered, plus any orders modifying the original sentence to see whether the statutory requirements have been met.[8] As we have previously held, application of the version of the revocation statute in effect at the time of the revocation hearing does not violate state or federal constitutional or statutory provisions barring the enactment of retroactive (in the criminal context, ex post facto) laws.[9]

As explained above, Jowers's original 1999 sentencing order expressly included the conditions he admitted violating in 2003 and again in 2005. The sentencing form explicitly warned Jowers that if he violated the conditions of his probation, the sentencing court would be authorized to revoke his probation and require him to serve out all or part of his original sentence of "confinement for a period of Twenty (20) years." Jowers's 1999 sentence contains a virtually verbatim reproduction of the language required by the statute to create a special condition of probation.[10] Nothing in the 2003 modification order remotely suggested that the warnings contained in Jowers's original 1999 sentence were no longer applicable. Accordingly, there was substantial compliance with the requirements of OCGA § 42-8-34.1, and the habeas court did not err in denying Jowers's petition for habeas corpus.

*Judgment affirmed. All the Justices concur.*

---

SE2d 69) (2003).

[7] OCGA § 42-8-34.1 (a) (1)-(2) (emphasis supplied).

[8] *Walker v. Brown*, 281 Ga. 468, 471 (639 SE2d 470) (2007); *Postell v. Humphrey*, 278 Ga. 651, 651-652, 654 (604 SE2d 517) (2004). Accord *Gardner*, 259 Ga. App. at 379.

[9] *Walker*, 281 Ga. at 471; *Postell*, 278 Ga. at 651-652, 654. Compare *Williams v. Ayers*, 276 Ga. 130 (577 SE2d 767) (2003) (applying version of revocation statute in effect prior to amendment where revocation hearing took place before amendment's effective date).

[10] This is hardly surprising, given that Jowers was sentenced using the standardized felony judgment sentencing form, Form SC-6, contained in the Appendix to the Uniform Superior Court Rules and in continuous use since 1985. The statutory definition of a "special condition" authorizing revocation of the balance of a probated sentence was enacted by the General Assembly in 2001 and was no doubt based on the language and format of Form SC-6.

DECIDED OCTOBER 27, 2008.

Richard Jowers, Jr., *pro se.*

*Daniel M. King, Jr., Thurbert E. Baker, Attorney General*, for appellee.