A12A0185. GERMANY v. THE STATE.
(727 SE2d 240)

MCFADDEN, Judge.

James Wayne Germany appeals the revocation of five years probation. He argues that the trial court violated his Fifth Amendment rights by revoking probation for his refusal to take a polygraph examination; that at most, the trial court could revoke two years probation; and that the trial court abused its discretion in denying his motion for an appeal bond. Because we find that requiring Germany to undergo a polygraph as a condition of probation did not violate his Fifth Amendment rights and that the trial court was not limited to revoking two years probation, we affirm. We do not reach Germany's argument regarding the denial of an appeal bond.

---

In 1992, Germany pled guilty to one count of aggravated child molestation and was sentenced to 30 years, to serve five years in prison and the remainder on probation. He also pled guilty to one count of statutory rape and was sentenced to serve 20 years on probation. Later that year, he pled guilty to aggravated sexual battery and was sentenced to 20 years, to serve five years in prison and the remainder on probation. All three sentencing forms, Form SC-6, listed as a special condition of probation that:

> Probationer shall submit to and cooperate with a lie detector test or Psychological Stress Evaluation, whenever so directed by the Probation Supervisor of any city, county or state law enforcement officer concerning any inquiry relative to compliance with the terms of his/her probation. Additionally, probationer shall submit to and cooperate with a lie detector test and/or Psychological Stress Evaluation inquiring into his/her knowledge of criminal activity as may be directed by the Probation Supervisor or by any city, county or state law enforcement officer.

All three sentencing forms also informed Germany that if his probation were revoked, "the Court may order the execution of this sentence which was originally imposed or any portion thereof in the manner provided by law after deducting therefrom the amount of time the defendant has served on probation."

In 2010, Germany's probation officer filed a petition to revoke his probation, alleging that he had violated his probation by committing child molestation and by failing to submit to and cooperate with a polygraph examination. After conducting several hearings, the trial court ruled that the child molestation charges were barred by the statute of limitation and therefore could not serve as the basis for revoking Germany's probation. However, the court ruled that Germany had violated the condition requiring him to submit to a polygraph examination and revoked five years probation. The trial court denied Germany's motion for an appeal bond.

1. Germany argues that the trial court erred by revoking his probation for his exercise of his Fifth Amendment right against self-incrimination. The trial court found that Germany's Fifth Amendment rights were not implicated because he did not assert his Fifth Amendment privilege in response to particular questions. Instead, he declined to participate in any fashion in a polygraph examination. Generally, "[t]his court will not interfere with a revocation unless there has been a manifest abuse of discretion on the part of the trial court." (Citation omitted.) *Gray v. State,* 313 Ga. App. 470, 471 (722

SE2d 98) (2011). However, we review questions of law de novo. *White v. State*, 274 Ga. App. 805 (619 SE2d 333) (2005).

In *Mann v. State*, 154 Ga. App. 677, 681 (4) (269 SE2d 863) (1980), we held that a probation "condition requiring the probationer to submit to polygraph tests does not violate the [probationer's] Fifth Amendment rights." We reasoned that "[t]he intrusion into the area of self-incrimination is no greater than a requirement that a probationer answer all reasonable inquiries of his probation officer" (citation and punctuation omitted), id., the kind of requirement the United States Supreme Court tacitly approved in *Minnesota v. Murphy*, 465 U. S. 420 (104 SC 1136, 79 LE2d 409) (1984).

In that case, the Supreme Court considered whether the Fifth Amendment prohibited the introduction into evidence in a subsequent criminal prosecution certain admissions a probationer made to his probation officer. The court held that "the general obligation to appear and answer questions truthfully did not in itself convert [the probationer's] otherwise voluntary statements into compelled ones," as long as the probationer was not "required to answer over his valid claim of the privilege." *Minnesota*, 465 U. S. at 427 (II) (A). The court reasoned that the probationer made the admissions instead of invoking his Fifth Amendment privilege to specific questions and that the probationer's obligation to respond to his probation officer's questions,

> [o]n its face, . . . proscribed only false statements; it said nothing about his freedom to decline to answer particular questions and certainly contained no suggestion that his probation was conditional on his waiving his Fifth Amendment privilege with respect to further criminal prosecution.

Id. at 437 (II). See also *Owens v. Kelley*, 681 F2d 1362 (11th Cir. 1982) (rejecting claim that a probationer's Fifth Amendment rights were violated by a probation condition requiring him to submit to psychological stress evaluation examinations, a condition imposed in the same court and by the same trial court judge as Germany's). Implicit in these courts' approval of such probation conditions is the premise that a court can revoke probation for a probationer's refusal to comply with such conditions.

The evidence here showed that Germany declined to undergo a polygraph examination. As the trial court observed, this is a different situation than agreeing to undergo a polygraph examination and then refusing to answer incriminating questions, which would invoke Fifth Amendment rights. Germany was not forced to answer incriminating questions, and he was never threatened that his invocation of

his right not to answer particular questions would result in revocation of his probation. The trial court did not err by concluding that the revocation of Germany's probation for failure to comply with the probation condition requiring him to undergo a polygraph examination did not violate his Fifth Amendment rights.

2. Germany argues that the trial court was limited to revoking two years of his probation because he was never informed in writing that his entire probation sentence could be revoked for violating a probation condition. See OCGA § 42-8-34.1 (e). See also *Jowers v. Washington*, 284 Ga. 478, 481 (2) (668 SE2d 703) (2008); *Harvey v. Meadows*, 280 Ga. 166 (626 SE2d 92) (2006). We disagree.

In *Jowers*, the Supreme Court of Georgia held that the same language as the language on Germany's sentencing sheets sufficiently informed a defendant that his entire probation sentence could be revoked for violating a particular probation condition. The *Jowers* sentencing order advised the defendant that

> the court could lift the conditions or discharge him from probation at any time; that he was subject to arrest for violating any condition; and that "if such probation is revoked, the Court may order the execution of the sentence which was originally imposed or any portion thereof."

Id. at 479 (1). The Supreme Court held that this language substantially complied with OCGA § 42-8-34.1 and authorized the court to revoke more than two years of the defendant's probated sentence. *Jowers*, 284 Ga. at 482 (2). The court observed that the sentencing sheet "contain[ed] a virtually verbatim reproduction of the language required by the statute to create a special condition of probation," id., which was "hardly surprising, given that [the defendant] was sentenced using the standardized felony judgment sentencing form, Form SC-6, contained in the Appendix to the Uniform Superior Court Rules and in continuous use since 1985." Id. at 482 (2), n. 10. Germany's sentences were also entered on Form SC-6. The language warning him that if his probation were revoked, "the Court may order the execution of the sentence which was originally imposed or any portion thereof" — exactly the language reviewed in *Jowers* — sufficiently complied with OCGA § 42-8-34.1 and authorized the court to revoke more than two years of his probation.

3. Germany argues the trial court erred in denying him an appeal bond. Because the order denying Germany's motion for an appeal bond was entered after Germany had filed his notice of appeal, we lack jurisdiction to consider this enumeration of error. *Norman v. Ault*, 287 Ga. 324, 331 (6) (695 SE2d 633) (2010).

*Judgment affirmed. Barnes, P. J., and Adams, J., concur.*

DECIDED APRIL 12, 2012 —
RECONSIDERATION DENIED APRIL 30, 2012 —

*James N. Finkelstein*, for appellant.
*Gregory W. Edwards, District Attorney, Cania R. Brown-Gordon, Assistant District Attorney*, for appellee.