A93A0244. DEPARTMENT OF CORRECTIONS v. HICKS.
(433 SE2d 64)

BIRDSONG, Presiding Judge.

In October 1989, Charles W. Hicks pled guilty to attempted child molestation and was sentenced to ten years probation, one condition being. that probation supervision was not to be terminated before completion of the sentence. In 1992, the legislature enacted OCGA § 17-10-1, which at (a) (2) provides: "Probation supervision shall ter-

minate in all cases no later than two years from the commencement of probation supervision unless specially extended or reinstated by the sentencing court . . . for good cause shown." Proceedings were filed in Floyd Superior Court to determine whether this new law applies to Hicks' sentence. The court held that § 17-10-1 (a) (2) applies only to sentences imposed after its effective date. The Department of Corrections appeals. *Held*:

The legislature did not dictate that OCGA § 17-10-1 (a) (2) applies retroactively to limit probation sentences imposed before its effective date. "Laws [generally] prescribe only for the future; they cannot . . . ordinarily, have a retrospective operation." OCGA § 1-3-5. " 'The settled rule for the construction of statutes is not to give them a retrospective operation, unless the language so imperatively requires.' " *Seaboard Air-Line R. Co. v. Benton*, 175 Ga. 491, 497 (165 SE 593). The language of the new law does not " 'imperatively [require]' " retroactive application to sentences already imposed. The legislature could have so provided, but it did not. The legal presumption is against retroactively applying a statute to destroy vested rights and interests. Id. at 498-499. The State of Georgia has a considerable interest in the fulfillment of criminal sentences lawfully imposed.

The Department of Corrections' contention that public policy favors retroactive application of this law as a "remedy" for overloaded probation offices is not persuasive. The cause of excessive probation caseloads is not the lawful imposition of criminal sentences by the courts but is the high incidence of crime. To say that rather than tailor the probation supervision system to the actual incidence of crime, the legislature's "remedy" for overloaded probation offices was to limit probation supervision of criminals, is like saying that the cure for increased crime is to stop building prisons. The Department's argument, at bottom, thus imputes an inconceivable degree of ineptitude to the legislature. This new law severely limits the executive's and judiciary's right and power to punish or supervise convicted criminals, and requires the State, at additional trouble and expense, to show "good cause" to fulfill the lawful sentence. It would take more than legislative silence to induce us to apply this new law to criminal sentences imposed prior to its passage. The trial court ruled correctly.

*Judgment affirmed. Pope, C. J., and Andrews, J., concur.*

DECIDED MAY 12, 1993 —
RECONSIDERATION DENIED JUNE 24, 1993 —

Michael J. Bowers, Attorney General, Daryl A. Robinson, Senior Assistant Attorney General, for appellant.

Stephen F. Lanier, District Attorney, Lisa W. Pettit, Assistant

*District Attorney, Farless & Newton, Floyd H. Farless*, for appellee.