A03A0508, A03A0557. GARDNER v. THE STATE (two cases).
(577 SE2d 69)

ELDRIDGE, Judge.

In the Superior Court of Fulton County, Gregory Gardner simultaneously pled guilty to two separately indicted offenses of violation of the Georgia Controlled Substances Act. He received a concurrent sentence of eight years probation on each conviction. Thereafter, the superior court revoked four years probation on each offense, to be served currently, based on Gardner's violation of a probationary condition. On appeal of these probation revocations, consolidated for

---

[9] OCGA § 17-8-4; *York v. State*, 242 Ga. App. 281, 287 (3) (528 SE2d 823) (2000).
[10] Id.
[11] *Loren v. State*, 268 Ga. 792, 795 (2) (493 SE2d 175) (1997).

purposes of judicial economy, the issue is whether Gardner violated a "special condition" of probation so as to authorize the court's revocation of four years probation,[1] or whether Gardner violated a "general condition" of probation, authorizing the revocation of no more than two years.[2] We granted interlocutory appeal in order to consider the definition of a "special condition of probation" as expressly stated in the 2001 amendment to OCGA § 42-8-34.1 (a). On the facts that follow, we conclude that Gardner violated a general condition of probation and thus vacate the judgment and remand to the court below for resentencing.

On September 22, 2000, Gardner was sentenced concurrently to eight years probation on each of the offenses of violation of the Georgia Controlled Substances Act referenced above, with the first six months thereof to be served on intensive probation. Gardner failed to report to his probation officer; he was arrested and brought before the superior court for a probation revocation hearing on February 8, 2001. After hearing from the parties, the court revoked eight years probation, sentencing Gardner to serve six months, with the balance, again, probated upon condition that he enter and successfully complete a "drug court" program, which involves supervision through such program for approximately eighteen months; thereafter, the remaining years of probation would be suspended. This condition of probation was expressly stated in the sentence sheet as follows:

> The service of jail time to be commuted to time served upon the defendant entering into the drug court program. Credit for time served since 1-28-01. The intensive probation supervision program is hereby deleted. The balance of probation may be suspended upon completion of drug court program.

After Gardner was released on probation, he failed to report to the "drug court" program. In October 2001, he was, again, brought before the superior court for a revocation hearing. This time, the court revoked four years probation and suspended the balance; it is undisputed that Gardner's failure to report to the "drug court" program was the basis for the revocation.

On April 17, 2002, following a convoluted procedural history which is not at issue in this appeal,[3] the superior court entertained a

---

[1] OCGA § 42-8-34.1 (e).
[2] OCGA § 42-8-34.1 (c).
[3] Apparently, the superior court's October 2001 order revoking Gardner's probation was filed in the Fulton County Superior Court Clerk's Office on January 7, 2002. However, Gardner's attorney was allegedly incorrectly informed by the clerk's office that the order was filed on February 1, 2002; thus, the attorney's motion for new trial was untimely because it was filed within 30 days of the incorrect, February 1, 2002 date.

motion for new trial challenge to Gardner's probation revocation. Gardner argued that the failure to report to the "drug court" program was not a violation of a "special condition" of probation as defined by the July 2001 amendment to OCGA § 42-8-34.1 (a) so as to authorize revocation of more than two years of probation; that, under the amended statute, the "drug court" program was simply a general condition of probation, a violation of which authorizes revocation of two years probation or less; and that the amended statute was in effect at the time the court revoked four years probation for violation of a general probationary condition, rendering such revocation error. The superior court disagreed, finding

> I can't conceive of . . . drug court being anything other than a special condition; and, even though it [(drug court special condition)] wasn't spelled out the way they [(the legislature)] now say you ought to spell it out, it [(imposition of the drug court program)] was before that spelling out was set out either in the statute or in the case law and so it seems to be that what was done was appropriate.

The superior court denied Gardner's motion for new trial. *Held*:

1. Under OCGA § 42-8-34.1, a probated sentence cannot be revoked for more than two years unless the basis for revocation is either a new felony offense or a violation of a "special condition of probation."[4] Previously, OCGA § 42-8-34.1 did not define what constituted a "special condition" of probation, resulting in confusion over the issue.[5] However, effective July 2001 — two months before Gardner's October revocation hearing — OCGA § 42-8-34.1 was amended to define such term. In pertinent part, OCGA § 42-8-34.1 (a) states,

> For the purposes of this Code section, the term "special condition of probation . . ." means a condition of a probated or suspended sentence which: (1) [i]s expressly imposed as part of the sentence in addition to general conditions of probation and court ordered fines and fees; and (2) [i]s identified in writing in the sentence as a condition the violation of which authorizes the court to revoke the probation or suspension and require the defendant to serve up to the balance of the sentence in confinement.[6]

Accordingly, under the terms of the statute as amended and in effect

---

[4] OCGA § 42-8-34.1 (d), (e).

[5] See *Chatman v. Findley*, 274 Ga. 54, 57 (548 SE2d 5) (2001) (describing the statute as "not a model of clarity").

[6] OCGA § 42-8-34.1 (a) (1), (2).

at the time of Gardner's revocation, a "special condition" of probation has two specific requirements: (1) a special condition must *expressly* be made a part of the sentence — in addition to general conditions, fines, and fees — as reflected in the sentencing sheet, *and also* (2) the sentencing sheet must state *in writing* that a violation of the special condition of probation will result in revocation and service of the balance of the probated sentence.

As applied to Gardner's case, we agree with the superior court that the "drug court" program imposed during the initial revocation of Gardner's probation was in all likelihood intended to be a special condition of probation. Further, the sentencing sheet shows that the "drug court" program was expressly made a part of the sentence in addition to general conditions of probation, pursuant to the first requirement of amended OCGA § 42-8-34.1 (a) (1). However, nothing in the sentencing sheet reflects the second statutory requirement pursuant to amended OCGA § 42-8-34.1 (a) (2), i.e., that the sentencing sheet state in writing that violation of the drug court provision of probation would result in revocation and service of the balance of Gardner's probated sentence. In so finding, we recognize that the revoking court stated on the record,

> If he [(Gardner)] successfully completes the drug court, if he does everything he's supposed to do, doesn't cause any problems . . . it [(remaining sentence)] just goes on suspended status. That means he stops reporting. But if he gets in trouble at that point, he can be brought back into court and be required to serve the rest of the time.

However, such oral representation at the revocation hearing does not comply with the express legislative provision that the revocation sentencing sheet reflect *in writing* that failure to successfully complete the drug court program "authorizes the court to revoke the probation or suspension and require[s] the defendant to serve up to the balance of the sentence in confinement."[7]

Regardless of this Court's view of the sufficiency of the oral notice that the revoking court intended for the "drug court" program to be a special condition of probation, "[a] plain and unambiguous statute cannot be construed by the courts."[8] OCGA § 42-8-34.1 (a) plainly and unambiguously sets out the two requirements in order for a probationary condition to be considered a "special condition," the violation of which will authorize revocation of more than two

---

[7] OCGA § 42-8-34.1 (a) (1), (2).

[8] (Citation omitted.) *Cobb County Bd. of Tax Assessors v. Morrison*, 249 Ga. App. 691, 693 (548 SE2d 624) (2001).

years probation. One of these two requirements was not met in this case, rendering the "drug court" program a general condition of probation, only, and not a special condition as defined by the statute. Thus, revocation of more than two years of Gardner's probation was prohibited, and we must remand this case for resentencing in accord with statutory authority.[9]

In so doing, we are constrained to reject the superior court's determination that, because Gardner was sentenced to probation before the amendment of the revocation statute, OCGA § 42-8-34.1 (a), the superior court could properly consider revocation requirements in the unamended statute. The issue here is not the probationary sentence.[10] The issue here is the requirements for revoking such sentence. And, as pertinently stated in the descriptive title, OCGA § 42-8-34.1 governs the "Requirements for revocation of probated . . . sentence." Effective July 1, 2001, amended OCGA § 42-8-34.1 specifically repealed — without a savings clause — the prior statutory provision and all conflicting laws.[11] This legislative act precluded the superior court from considering the prior, unamended statute during the revocation hearing, since the amended statute governing the requirements for revocation was in effect.[12] Accordingly, the court was bound by revocation requirements in effect at the time Gardner's probation was *revoked*, not at the time Gardner was *sentenced* to probation.[13]

2. Gardner's additional enumeration of error regarding the State's alleged failure to file a revocation petition was not preserved for appellate review by objection in the court below. Further, any alleged error may be corrected by the State upon remand by the subsequent filing of a revocation petition.

*Judgment vacated and case remanded for further proceedings not inconsistent with this opinion. Johnson, P. J., and Mikell, J., concur.*

---

[9] See, e.g., *Cockrell v. Brown*, 263 Ga. 345 (433 SE2d 585) (1993) (judgment vacated and case remanded to the trial court "for resentencing to a term no greater than two years").

[10] Compare *Dept. of Corrections v. Hicks*, 209 Ga. App. 154 (433 SE2d 64) (1993) (due to proscriptions against retroactive application, defendant's 1989 probationary *sentence* not subject to probation *sentence* provisions created by 1992 statutory amendment).

[11] Ga. L. 2001, p. 94, §§ 7, 9.

[12] See, e.g., *Hanson v. State*, 271 Ga. 145, 146 (518 SE2d 111) (1999); *Johnson v. Caldwell*, 229 Ga. 548, 551 (192 SE2d 900) (1972). See also *Bassett v. Lemacks*, 258 Ga. 367 (370 SE2d 146) (1988) (change in statutory definitions without savings clause repeals prior definitions).

[13] Contrary to the State's contention, it is not a "retroactive application" of amended OCGA § 42-8-34.1 (a) to apply the revocation requirements of that statute during a revocation hearing held *after* the amended statute's effective date. Compare *Dept. of Corrections v. Hicks*, supra.

DECIDED JANUARY 29, 2003.

*Donald R. Roch II*, for appellant.

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Assistant District Attorney*, for appellee.