## A04A1992. HILL v. THE STATE.
(605 SE2d 831)

PHIPPS, Judge.

Eric Hill appeals an order of the Superior Court of Fulton County revoking his probation and requiring him to serve more than nine years remaining on a ten-year sentence. The main question is whether OCGA § 42-8-34.1, as amended in 2001, authorized the court to revoke the full balance of Hill's sentence. We conclude that it did, and affirm.

In October 2001, Hill was charged with possession of cocaine with intent to distribute. After entering a negotiated guilty plea in February 2002, he was given a ten-year probated sentence by the Superior Court of Fulton County. In April 2002, a petition was filed in the Superior Court of Fulton County seeking revocation of Hill's

---

[10] See *Sangster v. Dujinski*, 264 Ga. App. 213, 217 (590 SE2d 202) (2003) (argument of counsel is not evidence).

probation on the ground that he had violated the conditions of his probation by never reporting for probation intake. As a result, a warrant was issued for his arrest. He was not, however, arrested until about two years later. The superior court conducted hearings in April and May 2004, revoked Hill's probation, and ordered him to serve the remainder of his sentence after giving him credit for time served. We granted Hill's application for discretionary appeal of the probation revocation order.

Prior to its 2001 amendment, OCGA § 42-8-34.1 (b) provided that if a defendant had violated any provision of a probated or suspended sentence other than by commission of a new felony offense, the court could revoke the balance of probation or not more than two years in confinement, whichever was less. But OCGA § 42-8-34.1 (c) stated that if the violation of probation was the commission of a felony offense "or the violation of a *special* condition imposed pursuant to this Code section, notwithstanding any other provision of law,"[1] the court could revoke "no more than the lesser of the balance of probation or the maximum time of the sentence authorized to be imposed for the crime constituting the violation of the probation."[2] OCGA § 42-8-34.1 did not, however, define "special" condition of probation,[3] although OCGA § 42-8-34.1 (d) made express reference to "payment of restitution or reparation, costs, or fines" (recognized conditions of probation).

Other states, like Georgia, empower sentencing courts

> to determine the terms and conditions of probation which may include, among other things, that the probationer avoid persons or places of disreputable or harmful character, make reparation or restitution to the aggrieved party for the damage or loss caused by his offense, reimburse the government for defense costs, and consent to searches. Reasonable conditions will be upheld.[4]

And upon violation of a condition of probation, a court has the power to revoke probation.[5] Other states do not, however, distinguish "special" conditions of probation from other conditions, as does Georgia.

---

[1] (Emphasis supplied.)

[2] *Manville v. Hampton*, 266 Ga. 857 (471 SE2d 872) (1996) dealt with this "problematic language."

[3] *Gardner v. State*, 259 Ga. App. 375, 377 (1) (577 SE2d 69) (2003).

[4] (Footnotes omitted.) 21 AmJur2d, Criminal Law, § 570, pp. 932-933 (1981).

[5] Id. at § 578, p. 951.

In *Gearinger v. Lee*,[6] the defendant's probation was explicitly conditioned upon the special stipulation that he comply with detention center rules and regulations. Our Supreme Court held that because the defendant had violated a special condition of his probation, the full balance of his probation could be revoked.[7] In *Lawrence v. State*,[8] the defendant's probation was revoked after he violated various general and special conditions of probation, including a special condition requiring payment of a fine, restitution, and probation fee. This court rejected the defendant's argument that OCGA § 42-8-34.1 (b) prohibited revocation of more than two years of his probation. The court reasoned:

> The statute limits qualifying special conditions to ones "imposed pursuant to this Code section." OCGA § 42-8-34.1 (c). Subsection (d) sets out the special conditions of payment of restitution or reparation, costs, or fines in lump sum or periodic. [Cit.] These conditions were expressly set out in Lawrence's sentence as conditions "other" than the "general conditions." Accordingly, Lawrence's failure to make the scheduled payments gave the court cause to revoke the remaining balance of his probation, and OCGA § 42-8-34.1 (c) gave the authority.[9]

In line with *Lawrence*, this court held in *Dunlap v. State*[10] that because banishment was not a special condition imposed pursuant to OCGA § 42-8-34.1, the trial court erred in revoking more than two years of the defendant's suspended sentence for violating the condition.

But in *Glover v. State*,[11] we concluded that *Gearinger* recognized no limitations on special conditions subject to OCGA § 42-8-34.1 (c).[12] Interpreting *Gearinger* as having "implicitly recognized that the phrase 'imposed pursuant to this Code section' is meaningless, as [OCGA] § 42-8-34.1 does not authorize the imposition of any special conditions of probation,"[13] we overruled *Lawrence* and *Dunlap* to the extent that they limited the type of special conditions to which OCGA

---

[6] 266 Ga. 167 (465 SE2d 440) (1996).

[7] Id. at 168-169 (1).

[8] 228 Ga. App. 745 (492 SE2d 727) (1997).

[9] Id. at 747.

[10] 231 Ga. App. 82 (497 SE2d 640) (1998).

[11] 239 Ga. App. 155 (521 SE2d 84) (1999).

[12] Id. at 160 (1).

[13] Id. at 158.

§ 42-8-34.1 (c) applied.[14] Consequently, we held that the trial court was authorized to revoke the balance of a convicted child molester's probationary sentence when the probationer violated special conditions of probation limiting his contact with minor children and failing to attend counseling for sexual deviancy. Our Supreme Court, however, granted certiorari in *Glover* and reversed this court.[15]

Because of concern that the Supreme Court's *Glover* decision rendered OCGA § 42-8-34.1 (c) meaningless, the General Assembly amended OCGA § 42-8-34.1 in 2001 (the year prior to Hill's sentencing).[16] Before the 2001 amendment took effect, we concluded on remand in *Glover* that the Supreme Court had not disagreed with our determination that OCGA § 42-8-34.1 did not authorize the imposition of any special conditions of probation; we therefore reiterated our previous overruling of *Lawrence* and *Dunlap*.[17] But in *Chatman v. Findley*,[18] the Supreme Court determined that a "special" condition imposed pursuant to OCGA § 42-8-34.1 meant either a special condition of probation imposed in the context of a probation revocation proceeding or one expressly authorized by the Code section, i.e., subsection (d) (subsection (f) under the 2001 amendment).

As *Chatman* was being decided, the General Assembly in its 2001 session enacted a new subsection (a) of OCGA § 42-8-34.1 defining "special condition of probation" for the purposes of the Code section. As so defined, this term now means

> a condition of a probated or suspended sentence which: (1) Is expressly imposed as part of the sentence in addition to general conditions of probation and court ordered fines and fees; and (2) Is identified in writing in the sentence as a condition the violation of which authorizes the court to revoke the probation or suspension and require the defendant to serve up to the balance of the sentence in confinement.[19]

Former subsection (b) was redesignated subsection (c); and it now provides that the court may revoke the lesser of the balance of probation or not more than two years in confinement upon proof that the defendant has violated any "general" provision of probation. Subsection (e) of OCGA § 42-8-34.1 now provides:

---

[14] Id. at 160.

[15] *Glover v. State*, 272 Ga. 639 (533 SE2d 374) (2000).

[16] See 18 Ga. St. U. L. Rev. 47, 49 (2001).

[17] *Glover v. State*, 247 Ga. App. 789 (545 SE2d 348) (2001).

[18] 274 Ga. 54 (548 SE2d 5) (2001).

[19] OCGA § 42-8-34.1 (a) (1), (2); see *Gardner v. State*, supra.

If the violation of probation or suspension alleged and proven by a preponderance of the evidence or the defendant's admission is the violation of a special condition of probation or suspension of the sentence, the court may revoke the probation or suspension of the sentence and require the defendant to serve the balance or portion of the balance of the original sentence in confinement.

OCGA § 42-8-35 contains a nonexclusive list of probation conditions which a court is authorized to impose. These would appear to be Georgia's statutory general conditions of probation. They include avoiding injurious and vicious habits, avoiding persons or places of disreputable or harmful character, reporting to the probation supervisor as directed, permitting the supervisor to visit him at his home or elsewhere, working faithfully at suitable employment insofar as may be possible, remaining within a specified location, and making reparation or restitution to any aggrieved person for the damage or loss caused by his offense.

In this case, as in others, the defendant's sentence is set forth on a preprinted sentencing form. The form contains a section titled "general conditions of probation," which lists conditions of probation such as those set forth in OCGA § 42-8-35. "Report to the Probation-Parole Supervisor as directed and permit such Supervisor to visit him (her) at home or elsewhere" is one such condition. The form contains another section titled "other conditions of probation," which authorizes the court to order the defendant to pay a fine, restitution, probation fee, and/or court costs.[20] Several blank lines are then left for other conditions to be filled in by the court.

In this case, the court did not require Hill to pay any fine, restitution, fee, or cost, as he is indigent. In the blank spaces, the court imposed the following conditions of probation: "intensive probation; get and maintain job; subject to drug and alcohol evaluation, random screens, and treatment as necessary; probation suspended after 3 years if in compliance." In addition, the words "special conditions" are stamped beside the titles "general conditions of probation" and "other conditions of probation," indicating the court's intent that all conditions of probation be considered special conditions under Georgia law. At the top of the sentencing form appears the following stamped notification: "Any violation of these special conditions may result in the revocation of the entire balance of probation

---

[20] Payment of restitution is thus a special condition of probation under this sentencing form, although it is a general condition of probation under OCGA § 42-8-35.

and may require the defendant to serve up to the balance of the sentence in confinement."

1. Hill contends that the court erred in revoking more than two years of his probation because there was insufficient evidence of a violation of a special condition of his probation.

Hill argues that in the probation revocation proceeding the "special" conditions of his probation were never established and it was not shown that his failure to report for probation intake was a violation of a special condition. This argument is without merit. Hill's sentencing form is a part of the record. It shows that the trial court did make reporting to his probation supervisor as directed a "special," as well as a "general," condition of his probation.

Hill argues that because OCGA § 42-8-34.1 (a) (1) defines a "special condition of probation" as a condition expressly imposed "in addition to general conditions of probation," a sentencing court is not permitted to make a general condition of probation a special condition as well. This argument is also without merit. The intent of the General Assembly in amending OCGA § 42-8-34.1 in 2001 was to disapprove the judicial determination that the statute does not authorize the trial court to revoke the full balance of a defendant's probation unless the defendant has violated a special condition of probation expressly set out in the statute. Since the effective date of the 2001 amendment (July 1, 2001), a trial court must expressly identify special conditions (thereby reflecting the court's intent that violation of a special condition will subject the probationer to a more stringent penalty than would otherwise apply), and the sentence must provide the probationer with written notice that violation of any special condition authorizes the court to revoke the full balance of probation. In making Hill's obligation to report to his probation supervisor a special condition of his probation, the trial court complied with these requirements. Nothing in the statute prohibits the court from making any particular condition of probation a special condition. Consequently, the court may make any given condition a special condition "in addition to a general condition."

2. Hill contends that the court erred in revoking his probation on a ground not listed in the state's petition.[21] This contention is also without merit. The petition charged Hill with violating the terms of his probation by never reporting for probation intake.

3. Finally, Hill complains that neither the probation revocation order nor the transcripts of the probation revocation hearings state the basis for the revocation. This complaint is also without merit.

---

[21] See *Goodson v. State*, 213 Ga. App. 283, 284 (444 SE2d 603) (1994).

Together, the order and transcripts reflect that Hill's probation was revoked because he violated a special condition of his probation by never reporting for probation intake. As in *Johnson v. Boyington*[22] and *State v. Brinson*,[23] "[f]rom the record, both the defendant and the appellate court can ascertain the basis for revocation of the defendant's probation."[24]

*Judgment affirmed. Smith, C. J., and Johnson, P. J., concur.*

DECIDED OCTOBER 19, 2004 —

*Donald R. Roch II*, for appellant.
*Paul L. Howard, Jr., District Attorney*, for appellee.

