S05A1792. HARVEY v. MEADOWS.
(626 SE2d 92)

SEARS, Chief Justice.

In this habeas action, we granted an application for certificate of probable cause to consider whether a sentencing court's oral warning to a defendant of the consequences of violating a special condition of probation substantially complies with the statutory requirement of OCGA § 42-8-34.1 (a) (2) that the sentencing court give the warning in writing in the court's sentence. For the reasons that follow, we conclude that an oral warning does not substantially comply with the statute.

1. In 1998, Harvey pled guilty to theft by taking and was sentenced to ten years in prison with the sentence to be probated after he served two years. One of the general conditions of his probation was that he not "violate the criminal laws of any governmental unit." No special conditions of probation were imposed on Harvey in 1998. On November 28, 2001, a probation revocation hearing was held regarding Harvey's probation on his theft by taking conviction. At this hearing, Harvey admitted to violating his probation by driving under the influence on October 12, 2001.[1] During the hearing, the sentencing court orally stated:

> I revoke six months, return you thereafter to the terms and conditions of your original sentence, except that hereafter all of the conditions of your sentence are special conditions of probation which will, if you violate them, subject you to the

---

[1] Harvey was subsequently convicted of the DUI offense in December 2001.

possibility that all of your probation could be revoked and you could be sent to prison for the balance of whatever term remains.

The sentencing court subsequently issued an order revoking six months of Harvey's probation. The order stated that, after Harvey served the six months, he would "return to original terms and conditions of probation with all terms & conditions to be made special conditions of probation." Unlike the sentencing court's oral statement at the hearing, the written order did not warn Harvey that, if he violated a special condition of probation, he would face the possibility of having all of his probation revoked.

In May 2002, the sentencing court revoked the balance of Harvey's probation on the theft by taking conviction (five years, six months) for subsequent misdemeanor violations of state laws. The sentencing court found that the condition that Harvey not violate any state laws was a special condition of his probation, authorizing the revocation of the balance of Harvey's sentence.

Harvey subsequently filed this habeas action, contending that the sentencing court's oral warning concerning the consequences of violating a special condition of probation failed to comply with the requirements of OCGA § 42-8-34.1 (a) (2) for creating a special condition of probation. In this regard, OCGA § 42-8-34.1 defines a special condition of probation as a condition that "[i]s expressly imposed as part of the sentence,"[2] and that "[i]s identified in writing in the sentence as a condition the violation of which authorizes the court to revoke the probation or suspension and require the defendant to serve up to the balance of the sentence in confinement."[3] Harvey contended that, because the sentencing court had failed to warn him in writing in the sentence of the consequences of violating a special condition of probation, the sentencing court thus had imposed a general condition of probation, authorizing the sentencing court to revoke no more than two years of his probation.[4]

The habeas court ruled, however, that the sentencing court had substantially complied with OCGA § 42-8-34.1 (a) (2) in imposing the condition of probation; that it had thus imposed a special condition of probation; and that it properly revoked five years and six months of

---

[2] OCGA § 42-8-34.1 (a) (1).

[3] OCGA § 42-8-34.1 (a) (2).

[4] Under OCGA § 42-8-34.1, a defendant's probation may not be revoked for more than two years unless he violates probation by committing a felony offense or by violating a special condition of probation. See OCGA § 42-8-34.1 (c), (d), and (e). In this case, Harvey's probation violation was not a felony offense.

Harvey's probation on his theft by taking conviction. We granted Harvey's application for certificate of probable cause to consider the habeas court's ruling.

2. At the outset, we address the warden's contention that Harvey's claim is not cognizable in habeas corpus. In this regard, the warden contends that a failure to comply with OCGA § 42-8-34.1 (a) is merely a violation of a state statute and not a constitutional violation and is thus not cognizable in habeas.[5] This contention, however, was specifically resolved adversely to the warden in *Manville v. Hampton*.[6] Moreover, in *Lillard v. Head*,[7] this Court reaffirmed the principle of *Manville* that "confinement under a sentence that is longer than that permitted by state law ... constitutes a denial of liberty without due process of law."[8] Accordingly, the warden's contention that Harvey's claim is not a cognizable habeas corpus claim is without merit.

3. We turn now to Harvey's contention that the habeas court erred by ruling that the sentencing court substantially complied with OCGA § 42-8-34.1 (a) in imposing a special condition of probation.[9]

In determining whether this oral warning substantially complied with OCGA § 42-8-34.1 (a) (2), we bear in mind that

> "[s]ubstantial compliance does not require that the language should be exactly as prescribed by the statute but that all the essential requirements of the form be prescribed. When there is actual compliance as to all matters of substance then mere technicalities of form or variations in the mode of expression should not be given the stature of noncompliance."[10]

In *Gen. Elec. Credit Corp. v. Brooks*[11] and *Banker v. Cole*,[12] this Court addressed whether there had been substantial compliance

---

[5] See OCGA § 9-14-42 (a) (habeas corpus is available to remedy denial of constitutional rights).

[6] 266 Ga. 857, 858 (471 SE2d 872) (1996). See also *Williams v. Ayers*, 276 Ga. 130 (577 SE2d 767) (2003); *Chatman v. Findley*, 274 Ga. 54 (548 SE2d 5) (2001) (evaluating merits of habeas claims that a revocation sentence was longer than that permitted by OCGA § 42-8-34.1).

[7] 267 Ga. 291 (476 SE2d 736) (1996).

[8] Id.

[9] For purposes of this appeal, we assume that strict compliance with OCGA § 42-8-34.1 (a) is not required, compare *State v. Bell*, 274 Ga. 719, 719-720 (559 SE2d 477) (2002) (a defendant must strictly comply with statutory requirements for demands for speedy trial), and that the sentencing court complied with OCGA § 42-8-34.1 (a) (1) in imposing the condition of probation at issue.

[10] *Banker v. Cole*, 278 Ga. 532, 533 (604 SE2d 165) (2004), quoting *Gen. Elec. Credit Corp. v. Brooks*, 242 Ga. 109, 118-119 (249 SE2d 596) (1978).

[11] 242 Ga. 109.

[12] 278 Ga. 532.

with certain statutes. In *Brooks*, the issue was whether there had been substantial compliance with then Code Ann. § 20-506 (c) (now OCGA § 13-1-11 (a) (3)), which provided as follows:

> The holder of the note or other evidence of indebtedness, or his attorney at law, shall, after maturity of the obligation, notify in writing the maker, indorser or party sought to be held on said obligation that the provisions relative to payment of attorney's fees in addition to the principal and interest shall be enforced and that such maker, indorser or party sought to be held on said obligation has 10 days from the receipt of such notice to pay the principal and interest without the attorney's fees.[13]

To substantially comply with the statute, we held that the notice to the debtor had to "(1) be in writing, (2) to the party sought to be held on the obligation, (3) after maturity," and that the notice had to inform the debtor "(4) that the provisions relative to payment of attorney fees in addition to principal and interest will be enforced, and (5) that the party has 10 days from the receipt of such notice to pay the principal and interest without the attorney fees."[14]

In *Banker*,[15] the statute at issue required that, when a candidate withdrew from an election, the appropriate election official had to notify voters that the "candidate has withdrawn and that all votes cast for such withdrawn candidate shall be void and shall not be counted."[16] To substantially comply with the statute, we held that the voters had to be informed of the withdrawal and informed that votes for the withdrawn candidate would not be counted.[17]

In the present case, before July 2001, OCGA § 42-8-34.1 did not define what constituted a special condition of probation. Effective July 1, 2001, the General Assembly amended OCGA § 42-8-34.1 to set forth the present definition of a special condition of probation. In so amending OCGA § 42-8-34.1, it is clear that the General Assembly recognized the significant consequences to a defendant for violating a special condition of probation, and thus required trial courts to warn defendants of those consequences in a specific manner (in writing) and place (in the sentence) so as to ensure that a defendant would be notified of those consequences. Accordingly, we conclude that the substantive or essential requirements of OCGA § 42-8-34.1

---

[13] 242 Ga. at 114.
[14] Id. at 119.
[15] 278 Ga. 532.
[16] OCGA § 21-2-134 (a) (2).
[17] 278 Ga. at 533-535.

(a) are that the trial court warn of the consequences of violating a special condition; that the warning be in writing; and that the warning be in the court's sentence. Because these latter two requirements were not met in the present case, we hold that the habeas court erred by ruling that the sentencing court had substantially complied with OCGA § 42-8-34.1 (a) (2).[18]

For the foregoing reasons, the sentencing court erred by ruling that Harvey had violated a special condition of probation, and it was authorized to revoke no more than two years of his probation on his theft by taking conviction.[19] The habeas court erred in ruling to the contrary. Accordingly, although we affirm the habeas court's judgment to the extent it denied relief to Harvey on his DUI conviction, we reverse the habeas court's judgment to the extent it denied relief to Harvey on his theft by taking conviction.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

DECIDED JANUARY 30, 2006.

Lawrence O. Harvey, *pro se.*

*Thurbert E. Baker, Attorney General, Vonnetta L. Benjamin, Assistant Attorney General*, for appellee.

*Sarah L. Gerwig-Moore, Leigh S. Schrope*, amici curiae.

---

[18] In addressing the same issue, the Court of Appeals also held that an oral warning concerning the consequences of violating a special condition of probation was insufficient to satisfy the requirements of OCGA § 42-8-34.1 (a) (2). *Gardner v. State*, 259 Ga. App. 375, 378-379 (577 SE2d 69) (2003).

[19] In May 2002, the sentencing court also revoked the balance of Harvey's probation on his DUI conviction on the ground that he had violated a special condition of probation, and the habeas court ruled that the sentencing court did not err in doing so. On appeal, it is unclear whether Harvey is attacking the revocation of his probation on the DUI conviction. In any event, because the violation of a general condition of probation authorizes a revocation of two years, OCGA § 42-8-34.1 (c); because Harvey violated a general condition of probation; and because Harvey only had the seven months remaining on his DUI sentence revoked, the habeas court did not err to the extent it upheld the sentencing court's revocation of Harvey's DUI sentence.