A07A2500. GAMBLE v. THE STATE.
(658 SE2d 785)

ADAMS, Judge.

Timothy J. Gamble contends the superior court erred by revoking the balance of his probation because the applicable sentencing documents did not state that a violation of the relevant condition authorized the court to require the defendant to serve up to the balance of his sentence in confinement.

The issue involves two sentencing documents, each of which Gamble signed. The record shows that on March 21, 2003, following a guilty plea, Gamble was sentenced to ten years probation, plus a fine and attendant costs, and required to serve four to six months in a detention center program. In the form sentencing document, a number of conditions were placed upon Gamble's probation. Of these, some were preprinted on the form under the heading "CONDITIONS OF PROBATION UNDER O.C.G.A. § 42-8-34.1," including conditions such as that Gamble not violate any criminal laws. Other conditions were handwritten below the preprinted section, including that the defendant complete the detention center program. At the end of the probation section of the preprinted form there is a section that warns the defendant about the consequences of a violation:

> IT IS FURTHER ORDERED that the Court may, at any time, revoke or rescind any condition of probation; discharge the defendant from probation; and/or modify or change the probated sentence. The probationer shall be subject to arrest for violation of any condition of probation. If such probation is revoked, the Court may order the execution of the sentence originally imposed or any portion in confinement after deducting therefrom the amount of time the defendant has served on probation.

On December 19, 2005, the court entered a consent order in which Gamble admitted violating four terms and conditions of his probated sentence. Pursuant to this second sentencing document, Gamble's original probation was revoked in full but then reinstated under the same general terms and conditions as originally imposed,

and two "Special Conditions of Probation" were added. These additional conditions were that Gamble remain in the diversion center[1] until all fines and costs had been paid in full and that he complete an alcohol/drug counseling program. The document does not contain any boilerplate language. Attached to that sentencing document, and signed by the court, is a form entitled "Diversion Center Special Conditions." The attachment includes a warning about the consequences of violating the "special condition":

> Any noncompliance with the Sentence of Probation, Special Conditions of the Diversion Center and/or Rules and Regulations of the Diversion Center will be considered sufficient cause to warrant disciplinary action and/or revocation of Probation.

On August 11, 2006, the State filed a petition alleging that Gamble had again violated the terms and conditions of his probation. Following a hearing, the trial court found that Gamble had violated his probation because he "[f]ailed to successfully complete the diversion center program," and the court revoked Gamble's probation in full. This Court granted Gamble's application for discretionary appeal.

1. Gamble contends the requirement in the December 19, 2005 order that he complete the diversion center program was not a special condition of probation authorizing the trial court to fully revoke his probation because neither that order nor the original sentence fully informed him of the consequences of noncompliance; therefore his probation could only be revoked for two years. The State argues that the court did not err because the second sentencing document stated that Gamble's probation had been "reinstated under the same terms and conditions as originally imposed" and that those original terms fully informed Gamble of the effect of revocation.

OCGA § 42-8-34.1 (c) provides for the revocation of up to two years of probation for the violation of any general provision; whereas subsection (e) provides for the revocation of the balance of probation for the violation of any special condition. In 2001, the legislature defined "special condition" as

> a condition of a probated or suspended sentence which: (1) Is expressly imposed as part of the sentence in addition to general conditions of probation and court ordered fines and

---

[1] The words "detention center" and "diversion center" appear to refer to the same thing in this case.

> fees; and (2) *Is identified in writing in the sentence as a condition the violation of which authorizes the court to revoke the probation or suspension and require the defendant to serve up to the balance of the sentence in confinement.*

(Emphasis supplied.) OCGA § 42-8-34.1 (a).

The Supreme Court of Georgia analyzed the statute and concluded "that the substantive or essential requirements of OCGA § 42-8-34.1 (a) are that the trial court warn of the consequences of violating a special condition; that the warning be in writing; and that the warning be in the court's sentence." *Harvey v. Meadows*, 280 Ga. 166, 169-170 (3) (626 SE2d 92) (2006). See also *Gardner v. State*, 259 Ga. App. 375, 378 (1) (577 SE2d 69) (2003) (to constitute a special condition, the sentencing document must reflect in writing that failure to successfully complete the condition authorizes the court to "require[ ] the defendant to serve up to the balance of the sentence in confinement") (punctuation and footnote omitted). In addition, both the Supreme Court and this Court have held that OCGA § 42-8-34.1 must be strictly construed. *Glover v. State*, 272 Ga. 639, 641 (533 SE2d 374) (2000) (construing prior version of statute); *Chester v. State*, 287 Ga. App. 70, 71 (651 SE2d 360) (2007).

In this case, the December 2005 order identified the diversion center requirement as a special condition of probation. But neither that document nor the attached "Diversion Center Special Conditions" specifically warns Gamble that failure to comply could "require the defendant to serve *up to the balance of the sentence* in confinement." (Emphasis supplied.) OCGA § 42-8-34.1 (a) (2). Standing alone, the warning was not complete. Furthermore, even if we read the December 2005 order and its attachment together with the original sentence, the requirements are still not met.

The original sentencing form of March 2003 does not comply with OCGA § 42-8-34.1. The term "special condition" is not used on the form, and there is nothing about the form that distinguishes between general and special conditions of probation. Rather, the form is ambiguous. It could be read to mean that all of the conditions — preprinted or handwritten — are special conditions because the final paragraph states that the court may revoke or rescind "any condition of probation" and "[i]f such probation is revoked, the Court may order the execution of the sentence originally imposed or any portion in confinement. . . ." Then again, the preprinted conditions could be the general conditions and the handwritten conditions could be the special conditions. And although the probation section of the form is entitled "CONDITIONS OF PROBATION UNDER O.C.G.A. § 42-8-34.1," that Code section includes provisions for both general and special conditions. See OCGA § 42-8-34.1 (c), (e). Although an earlier

version of the statute referred to special conditions as ones "imposed pursuant to this Code section"; that language is not found in the current law. OCGA § 42-8-34.1 (c) (1997). See also *Hill v. State*, 270 Ga. App. 114, 116-117 (605 SE2d 831) (2004).

In *Hill*, this Court made clear that the sentencing form must plainly indicate which conditions are general and which are special. *Hill*, 270 Ga. App. at 118-119 (1). In that case, the trial court stamped the form order with the words "special conditions" beside the pre-printed titles "general conditions of probation" and "other conditions of probation." Id. In this way, the court indicated its "intent that all conditions of probation be considered special conditions. . . ." Id. A second stamped notification stated that a violation of the special conditions could result in the defendant serving the balance of the sentence in confinement. Id. Thus, this Court held, the preprinted "general conditions" could be considered "special conditions" under the statute but only if the form expressly so provides. As the Court in *Hill* stated:

> Since the effective date of the 2001 amendment (July 1, 2001), a trial court must expressly identify special conditions . . . and the sentence must provide the probationer with written notice that violation of any special condition authorizes the court to revoke the full balance of probation.

Id. at 119 (1).

In the present case, the original sentencing form fails to distinguish general from special conditions and therefore fails to indicate which conditions, when violated, require the defendant to serve up to the balance of the sentence in confinement. Thus, the fact that the December 2005 order reinstated the same general terms and conditions as originally imposed in the original sentence does not satisfy the requirements of OCGA § 42-8-34.1. Even if we were to assume that only substantial compliance with the statute is required, our conclusion is the same. Cf. *Harvey*, 280 Ga. at 168, n. 9 (Supreme Court assumed for the purposes of that case that strict compliance with OCGA § 42-8-34.1 was not required). "[R]evocation of more than two years of [Gamble's] probation was prohibited, and we must remand this case for resentencing in accord with statutory authority." (Footnote omitted.) *Gardner*, 259 Ga. App. at 379 (1).

2. The State contends Gamble waived any issue regarding the wording of his sentence because he consented to the December 2005 order. But we find no basis for concluding that Gamble made a knowing and intelligent waiver of this statutory right. See generally *Hughes v. Hinks*, 249 Ga. 416, 417 (291 SE2d 545) (1982).

*Judgment reversed and case remanded for resentencing. Andrews, P. J., and Ellington, J., concur.*

DECIDED MARCH 4, 2008.

*Michael E. Brush*, for appellant.
*Herbert E. Franklin, Jr., District Attorney, Adam C. Cathey, Assistant District Attorney*, for appellee.