### A09A2350. BERGEN v. THE STATE.
(686 SE2d 410)

ANDREWS, Presiding Judge.

We granted this application for discretionary appeal after a Catoosa County trial court revoked John H. Bergen's probation. As in *Gamble v. State,* 290 Ga. App. 37 (658 SE2d 785) (2008), we reverse and remand for resentencing because Bergen was not found to have committed a felony and because the sentencing form did not specify that a violation of its conditions would result in the revocation of Bergen's entire probation.

The record shows that after a jury trial, the trial court convicted Bergen of aggravated assault and obstruction of a police officer and sentenced him to 12 years and 12 months, probated, with the latter portion to be served in a probation detention center. The trial court also ruled that Bergen "shall have no contact with [his wife], except as required" concerning the couple's divorce. As in *Gamble,* the Catoosa County sentencing form specified that the trial court could revoke any condition of probation at any time, that Bergen was "subject to arrest for violation of any condition of probation," and that if probation was revoked, "the Court may order the execution of

---

the sentence originally imposed or any portion in confinement" after deducting time already served. See id. at 37. Two preprinted pages entitled "special conditions" were also attached to the conviction, but were not more specific concerning the effects of a probation violation. See id. at 38.

On December 12, 2007, the State filed allegations including that Bergen had possessed cocaine and that he had made harassing phone calls to his wife. After a hearing, the trial court found that Bergen had made the calls and that he had violated other conditions of his probation, including unspecified "special conditions," but did not make any finding as to the cocaine. The trial court then revoked the remainder of Bergen's probation.

OCGA § 42-8-34.1 (c) provides for the revocation of up to two years of probation for the violation of any general provision; subsection (d) authorizes the revocation of the balance of probation if the defendant is shown to have committed a felony; and subsection (e) provides for revocation of the balance if the defendant is shown to have violated a special condition. See *Gamble*, 290 Ga. App. at 38 (1). OCGA § 42-8-34.1 (a) defines a "special condition" as

> a condition of a probated or suspended sentence which: (1) Is expressly imposed as part of the sentence in addition to general conditions of probation and court ordered fines and fees; and (2) *Is identified in writing in the sentence as a condition the violation of which authorizes the court to revoke the probation or suspension and require the defendant to serve up to the balance of the sentence in confinement.*

(Emphasis supplied.) As the Supreme Court of Georgia has held, "the substantive or essential requirements of OCGA § 42-8-34.1 (a) are that the trial court warn of the consequences of violating a special condition; that the warning be in writing; and that the warning be in the court's sentence." *Harvey v. Meadows*, 280 Ga. 166, 169-170 (3) (626 SE2d 92) (2006); see also *Gardner v. State*, 259 Ga. App. 375, 378 (1) (577 SE2d 69) (2003).

Under OCGA § 16-11-39.1 (b), Bergen's harassing phone calls amounted only to a misdemeanor. As the State wisely concedes, moreover, the Catoosa County sentencing form at issue in this case is identical to that discussed in *Gamble* in that it fails to distinguish between general and special conditions of probation and fails to specify that a possible consequence of violating a special condition is the revocation of a probationer's entire probation. It follows that the trial court erred when it revoked the entirety of Bergen's probation. " 'Revocation of more than two years of [Bergen's] probation was prohibited, and we must remand this case for resentencing in accord

with statutory authority.' " (Punctuation omitted.) *Gamble*, 290 Ga. App. at 40 (1), quoting *Gardner*, 259 Ga. App. at 379 (1).

*Judgment reversed and case remanded for resentencing. Miller, C. J., and Barnes, J., concur.*

DECIDED NOVEMBER 6, 2009.

*David J. Dunn, Jr., Deborah L. Allen*, for appellant.

*Herbert E. Franklin, Jr., District Attorney, Melissa A. Pittman, Assistant District Attorney*, for appellee.