**FOURTH DIVISION**
**DOYLE, P. J.,**
**ANDREWS, P. J. and BOGGS, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**February 20, 2013**

# In the Court of Appeals of Georgia

A12A2084. SHEPPARD v. THE STATE.                    DO-079 C

DOYLE, Presiding Judge.

We granted this application for discretionary appeal after the superior court revoked more than two years of Terry Sheppard's probation. We reverse and remand for resentencing because Sheppard was not found to have committed a felony and because the sentencing form did not specify the special conditions that, if violated, would result in the revocation of Sheppard's entire probation.

The record shows that in August 2009, Sheppard entered a negotiated guilty plea to possession of cocaine (Count 1), driving with an unlawful alcohol concentration (Count 2), and driving with a suspended license (Count 3). Sheppard was sentenced to a five-year probation term on Count 1 and sentenced to shorter, concurrent probated sentences on the remaining counts. In October 2010, the State

petitioned to revoke Sheppard's probation based on allegations that he had committed misdemeanor DUI, misdemeanor battery, and driving with a suspended license and for failing to report, pay fees, and receive drug and alcohol evaluations. Following a hearing, the trial court revoked the balance of Sheppard's probation (3 years, 8 months, and 11 days) based on the technical violations and findings that Sheppard committed a DUI and drove with a suspended license.

We granted Sheppard's applied for discretionary review to determine whether the original sentencing form adequately warned Sheppard in writing of the consequences of violating a special condition. Because it did not, we reverse and remand for resentencing.

Under OCGA § 42-8-34.1, which addresses probation revocation,

> [Subsection] (c) provides for the revocation of *up to two years* of probation for the violation of any *general provision*; subsection (d) authorizes the revocation of the *balance of probation* if the defendant is shown to have committed a *felony*; and subsection (e) provides for revocation of the *balance* if the defendant is shown to have violated a *special condition*.[1]

---

[1] (Emphasis supplied.) *Bergen v. State*, 300 Ga. App. 837 (686 SE2d 410) (2009).

Here, the State did not present evidence that Sheppard commited a subsequent felony, so for the revocation to be lawful, the State must have established a violation of a special condition. A "special condition" is defined by OCGA § 42-8-34.1 (a) as

> a condition of a probated or suspended sentence[,] which: (1) [i]s expressly imposed as part of the sentence in addition to general conditions of probation and court ordered fines and fees; and (2) *[i]s identified in writing in the sentence as a condition the violation of which authorizes the court to revoke the probation or suspension and require the defendant to serve up to the balance of the sentence in confinement.*[2]

Thus "the substantive or essential requirements of OCGA § 42-8-34.1 (a) are that the trial court warn of the consequences of violating a special condition; that the warning be in writing; and that the warning be in the court's sentence."[3]

Sheppard's written sentence contains a section for "General and/or Other Conditions of Probation," which was checked along with seven boilerplate conditions such as avoiding "injurious and vicious habits" and avoiding "persons or places of disreputable or harmful character." Also in that section were handwritten requirements to receive drug and alcohol evaluation, submit to random screens, and

---

[2] (Emphasis supplied.)

[3] *Harvey v. Meadows*, 280 Ga. 166, 169-170 (3) (626 SE2d 92) (2006)

avoid alcohol or drugs unless prescribed. Below that section was a section with the heading, "See Addendum A for Special Conditions of Probation," which heading was crossed out. Finally, the sentencing form stated that

> the defendant is hereby advised that the Court may, at any time, revoke any conditions of this probation and/or discharge the defendant from probation. The probationer may be subject to arrest for violation of any condition of probation herein granted. If such probation is revoked, the Court may order the execution of the sentence which was originally imposed or any portion thereof in the manner provided by law [after deducting time already served].

As we held in *Bergen v. State*, this sentencing form does not demonstrate substantial compliance with the essential requirements of OCGA § 42-8-34.1 (a).[4] The form in this case

> fails to distinguish between general and special conditions of probation and fails to specify that a possible consequence of violating a special condition is the revocation of a probationer's entire probation. It follows that the trial court erred when it revoked the entirety of [Sheppard's] probation. Revocation of more than two years of [Sheppard's] probation was prohibited, and we must remand this case for resentencing in accord with statutory authority.[5]

---

[4] 300 Ga. App. at 838.

[5](Punctuation omitted.) Id. at 838-839.

4

That the trial court orally explained at the sentencing hearing what it believed were the special conditions does not require a different result because "an oral advisement does not amount to substantial compliance with a statute that requires something to be identified in writing in the sentence."[6]

*Judgment reversed and case remanded for resentencing. Andrews, P. J. and Boggs, J., concur*.

---

[6] *Jowers v. Washington*, 284 Ga. 478, 481 (2) (668 SE2d 703) (2008), citing *Harvey v. Meadows*, 280 Ga. at 169 (3) (OCGA § 42-8-34.1 was amended to its present form because the General Assembly "recognized the significant consequences to a defendant for violating a special condition of probation, and thus required trial courts to warn defendants of those consequences in a specific manner (in writing) and place (in the sentence) so as to ensure that a defendant would be notified of those consequences").