**SECOND DIVISION
ANDREWS, P. J.,
MILLER and BRANCH, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/**

**June 12, 2015**

# In the Court of Appeals of Georgia

A15A0011. SINGLETON v. THE STATE.

MILLER, Judge.

We granted Tyraldo Singleton's application for discretionary review from the trial court's order revoking his probation. On appeal, Singleton contends that the trial court erred in revoking his probated sentence for a period exceeding that authorized by OCGA § 42-8-34.1. For the reasons that follow, we reverse and remand for resentencing.

"Generally, this court will not interfere with a revocation unless there has been a manifest abuse of discretion on the part of the trial court. However, we review questions of law de novo." (Citations and punctuation omitted.) *Germany v. State*, 315 Ga. App. 717, 718-719 (1) (727 SE2d 240) (2012).

The record shows that in June 2012, Singleton pled guilty to one count of sale of marijuana (OCGA § 16-13-30 (j)). The trial court sentenced Singleton to ten years, with one year to serve in confinement and the balance to be served on probation. In addition to complying with the general terms of probation, Singleton was required to pay a $2,000 fine, pay a monthly supervision fee, and submit to random drug testing.

In March 2014, the State filed a petition to revoke or modify Singleton's probation based on allegations that he committed the offenses of misdemeanor possession of marijuana and felony obstruction of a law enforcement officer, as well as failing to pay the court-ordered fine and fees. Following a hearing, the trial court found that Singleton violated his probation and revoked the balance of his probation – 8 years and 17 days. This appeal ensued.

On appeal, Singleton contends that the trial court was not authorized to revoke the balance of his probation because there were no special conditions on his probation, and the trial court could only revoke five years of his probation based on his commission of felony obstruction. We agree that the trial court erred in revoking the balance of Singleton's probation.

OCGA § 42-8-34.1 addresses probation revocation, and subsection (c) of the statute provides for the revocation of up to two years of probation for the violation of any general condition. When the defendant commits a felony offense, subsection (d) authorizes the trial court to revoke no more than the lesser of the balance of probation or the maximum time of the sentence authorized to be imposed for the felony offense. Subsection (e) provides for revocation of the balance of probation if the defendant is shown to have violated a special condition. OCGA § 42-8-34.1 (a) defines a "special condition" as

> a condition of a probated or suspended sentence which: (1) Is expressly imposed as part of the sentence in addition to general conditions of probation and court ordered fines and fees; and (2) *Is identified in writing in the sentence as a condition the violation of which authorizes the court to revoke the probation or suspension and require the defendant to serve up to the balance of the sentence in confinement.*

(Emphasis supplied.) Consequently, "the substantive or essential requirements of OCGA § 42-8-34.1 (a) are that the trial court warn of the consequences of violating a special condition; that the warning be in writing; and that the warning be in the court's sentence." *Harvey v. Meadows*, 280 Ga. 166, 169-170 (3) (626 SE2d 92) (2006).

Here, Singleton's written sentence contains only a section for general conditions of probation, of which several pertinent items are checked, such as the provision that Singleton shall not violate any laws and that he must pay court fines and fees in full. The additional terms of probation provide that Singleton is to submit to random drug testing and that he is allowed to convert his fine by performing community service. Nowhere on the sentencing form, however, is it expressly stated that any of the conditions are special conditions of probation, and the sentencing form fails to specify that a possible consequence of violating any of the probation conditions would be the revocation of the entirety of Singleton's remaining probated sentence. See *Gardner v. State*, 259 Ga. App. 375, 378 (1) (577 SE2d 69) (2003) (to constitute a special condition, the sentencing document must reflect in writing that failure to successfully complete the condition authorizes the court to require the defendant to serve up to the balance of the sentence in confinement). Thus, contrary to the State's suggestion, the trial court was not authorized to revoke the balance of Singleton's probation due to any violation of his probation conditions. See, e.g., *Bergen v. State*, 300 Ga. App. 837, 838 (686 SE2d 410) (2009) (trial court erred in revoking entirety of defendant's probation when sentencing form failed to distinguish

4

between general and special conditions and failed to advise defendant that his entire probation could be revoked for violating a special condition).

The State alternatively argues that even if the trial court could not revoke the entirety of Singleton's probation due to the violation of a special condition under OCGA § 42-8-34.1 (e), the trial court was nevertheless authorized to revoke the entirety of Singleton's probation because it was permitted to stack the sentences for the three violations – a felony obstruction offense, a misdemeanor possession of marijuana offense, and the failure to pay court-ordered fines. Notwithstanding the State's failure to support its argument with any authority, this issue presents nothing for our review because the thin record before us does not reveal that the State raised this claim below or that the trial court ruled thereon. See *Ward v. State*, 299 Ga. App. 826, 827 (683 SE2d 894) (2009) ("Inasmuch as we are a [C]ourt for the correction of errors, we do not consider issues which were not raised below and ruled on by the trial court.") (footnote omitted).

Since the record before us clearly shows that the trial court was prohibited from revoking the balance of Singleton's probation due to a violation of a special probation condition, we must remand this case for resentencing in accordance with statutory authority.

*Judgment reversed and case remanded for resentencing.  Branch, J. concur.*

*Andrews, P.J. concurs in judgment only.*