**FOURTH DIVISION**
**DILLARD, P. J.,**
**RICKMAN and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**December 28, 2023**

# In the Court of Appeals of Georgia

A23A1600. SULLIVAN v. THE STATE.

RICKMAN, Judge.

Following Jamie Sullivan's failure to attend an inpatient drug treatment program, the trial court revoked the balance of his ten-year suspended sentence for two counts of possession of a firearm by a convicted felon. On appeal, Sullivan contends that the trial court erred in revoking the entire balance of his suspended sentence because the basis for the revocation was not a special condition of his sentence. For the reasons that follow, we reverse and remand for resentencing.

In March 2021, Sullivan pled guilty to two counts of possession of a firearm by a convicted felon. He was sentenced to concurrent ten-year sentences, to serve six months in confinement and the balance suspended. As part of the plea agreement, Sullivan agreed, inter alia, that upon his release from jail, he would enter inpatient drug

and alcohol treatment for three months at his expense.[1] When Sullivan failed to enter a treatment program after his release, the State filed a motion to impose the balance of Sullivan's suspended sentence. At the hearing on the State's motion, Sullivan's counsel admitted that his client had not attended an inpatient drug treatment program for a minimum of three months but argued that such attendance was only a general condition of his suspended sentence and that Sullivan could only be required to serve a maximum of two years for violating it. During the hearing, the trial court concluded that entry into a treatment program was a special condition and ruled that it was going to impose the original sentence. The trial court subsequently entered an order imposing the balance of Sullivan's suspended sentence, and this appeal followed.

Sullivan contends that the trial court was only authorized to impose two years of his original ten-year suspended sentence because the violation involved a general, rather than a special, condition of suspension. We agree.

The conditions for revocation of a probated or suspended sentence are set forth in OCGA § 42-8-34.1. Upon proof that a defendant has violated any general provision of suspension other than by commission of a new felony offense, the court may revoke

---

[1] The trial court allowed Sullivan up to 30 days from his release to begin the program.

the balance of the suspended sentence "or not more than two years in confinement, whichever is less." OCGA § 42-8-34.1 (c). If, however, a defendant violates "a special condition of . . . suspension of the sentence, the court may revoke the . . . suspension of the sentence and require the defendant to serve the balance or portion of the balance of the original sentence in confinement." OCGA § 42-8-34.1 (e). A special condition of a suspended sentence is a condition that

> (1) Is expressly imposed as part of the sentence in addition to general conditions of probation and court ordered fines and fees; and (2) Is identified in writing in the sentence as a condition the violation of which authorizes the court to revoke the probation or suspension and require the defendant to serve up to the balance of the sentence in confinement.

OCGA § 42-8-34.1 (a). Thus, Georgia law authorizes a trial court to revoke the entire balance of a defendant's suspended sentence only where the defendant has violated a special condition of suspension or the balance of the suspended sentence is two years or less.

The State argues that Sullivan violated a special condition of his suspended sentence when he failed to enter a treatment program because the trial court orally informed Sullivan that a violation would result in him serving time in the penitentiary

and intended for the condition to be special. At the plea hearing, the trial court did inform Sullivan that if he were to be refused entry into an inpatient treatment program for recent drug use, then the "suspended sentence becomes unsuspended and you have to go off and do some time in the penitentiary." That statement did not inform Sullivan that violation of the condition would authorize the court to revoke the suspension and require him to serve up to the balance of his original sentence in confinement, and even if it had, "an oral advisement does not amount to substantial compliance with a statute that requires something to be identified in writing in the sentence."[2] (Citations and punctuation omitted.) *Sheppard v. State*, 319 Ga. App. 813, 815 (738 SE2d 662) (2013); see also *Gardner v. State*, 259 Ga. App. 375, 378 (1) (577 SE2d 69) (2003) (Trial court's "oral representation at the revocation hearing does not comply with the express legislative provision that the revocation sentencing sheet reflect in writing that failure to successfully complete the drug court program authorizes the court to revoke the probation or suspension and require[] the defendant to serve up to the balance of the sentence in confinement.") (citation, punctuation,

---

[2] We find unpersuasive the State's argument that the failure to identify the condition in writing in the sentence was a mere scrivener's error. Cf. *Williams v. State*, 363 Ga. App. 594, 600 (3) (872 SE2d 14) (2022) ("Clerical mistakes in judgments may be corrected by the court at any time[.]") (citation and punctuation omitted).

and emphasis omitted). As a result, the revocation of more than two years of Sullivan's suspended sentence was prohibited. See *Harvey v. Meadows*, 280 Ga. 166, 170 (3) (626 SE2d 92) (2006); *Gardner*, 259 Ga. App. at 379 (1).

The State also argues that any error in failing to include the condition at issue in writing in the sentence was harmless because there was no evidence that Sullivan would have acted differently if he had been warned that his entire suspended sentence could be revoked if he failed to enroll in a drug treatment facility. We find no merit in that argument as Sullivan was entitled to rely on the provisions set forth in the sentencing document, which contained no warning that a violation of *any* condition would authorize the court to revoke the suspension and require him to serve up to the balance of the sentence in confinement. In this situation, the trial court was not authorized to revoke more than two years of Sullivan's suspended sentence, and its error in doing so was not harmless. See *Stephens v. State*, 245 Ga. 835, 838 (268 SE2d 330) (1980) (Because the trial court was not authorized to increase the defendant's sentence when the probation was revoked, the error is not harmless). We must therefore remand the case for resentencing under OCGA § 42-8-34.1 (c). See *Gardner*, 259 Ga. App. at 379 (1).

*Judgment reversed and case remanded for resentencing. Dillard, P. J., and Pipkin, J., concur.*